■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE SPAGNA and AL MANCUSO, Appellants.—Appeal by defendants from two judgments (one as to each of them) of the Supreme Court, Kings County, both rendered May 11, 1978, convicting each of them of murder in the second degree, upon a jury verdict, and imposing sentences. Judgments affirmed. While we are aware of the holding in *Sandstrom v Montana* (442 US 510), we find that any error here in the charge on presumed intent was harmless (see *People v Crimmins,* 36 NY2d 230). We have examined defendants' other contentions and find them to be without merit. O'Connor, J. P., Lazer, Gulotta and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL TOUSET, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered May 18, 1978, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed (see *People v Brown,* 34 NY2d 879). Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONALD TIBBS, Appellant, v STEPHEN DALSHEIM, as Superintendent of the Ossining Correctional Facility, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County, entered December 11, 1978, which, in effect, dismissed the proceeding. Appeal dismissed, without costs or disbursements. Since the petitioner is no longer incarcerated, the petition is academic (see *People ex rel. Ali v Sperbeck,* 66 AD2d 827). Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.

(September 24, 1979)

■ ETHEL ARCHER, Appellant, v JAMES J. ARCHER, Respondent.—In an action for divorce, an accounting and the distribution of real property, the plaintiff appeals from an order of the Supreme Court, Westchester County, dated April 19, 1979, which denied her motion to dismiss the defendant's two counterclaims. Order affirmed, without costs or disbursements. As to the second counterclaim, giving the words "was compelled to pay" the most liberal interpretation possible, that counterclaim may be sustained as a pleading. Shapiro, J. P., Cohalan, Margett and Martuscello, JJ., concur.