THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY G. MILNER, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Suffolk County, imposed August 23, 1978, upon his conviction of criminal possession of a forged instrument in the third degree, on a plea of guilty, the sentence being a one-year term of imprisonment. Sentence modified, as a matter of discretion in the interest of justice, by reducing the period of incarceration to the time already served. As so modified, sentence affirmed. The sentence was excessive to the extent indicated herein. Mollen, P. J., Gulotta, Cohalan and Margett, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RODRIGUEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 22, 1977, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The resolution of questions relating to the credibility of witnesses is properly a function of the jury and said determination may not be overturned lightly on appeal (see *People v Gruttola,* 43 NY2d 116). The fact that the principal prosecution witness, who was himself facing unrelated charges, may have expected leniency in recognition of his testimony was certainly relevant to the issue of credibility, but, without more, this single factor is insufficient to impeach the jury's verdict. Similarly, the fact that a different eyewitness tended to exculpate the defendant is likewise insufficient to overturn the verdict. The jury had before it the testimony of both eyewitnesses as well as other evidence in the case, and was properly instructed on the means of evaluating that evidence. Under such circumstances we see no reason to disturb its findings. We have considered defendant's remaining contentions and find them to be without merit (see *People v Spagna,* (71 AD2d 994). Gulotta, J. P., Cohalan, Martuscello and Gibbons, JJ., concur.