THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FOURNIER, Appellant.

Second Department, November 13, 1979

APPEARANCES OF COUNSEL

*Edward A. Frey* for appellant.

*Carl A. Vergari, District Attorney (Carl J. Rubino, Jr.,* and *Gerald D. Reilly* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Defendant appeals from a judgment convicting him of attempted assault in the first degree and criminal possession of a weapon in the second degree and imposing sentence.

In our opinion, the contentions of defendant on appeal, that he was denied the effective assistance of counsel, that certain photographs were erroneously admitted in evidence, and that numerous untoward remarks were made by the prosecutor during summation so as to deprive him of a fair trial, are without merit. With respect to the effectiveness of counsel, the record indicates that defendant himself urged the trial court to deny his counsel's motion to be relieved. Moreover, counsel's representation was thorough, competent and comprehensive. It should also be noted that although defendant was charged, *inter alia,* with attempted murder in the

first degree, the most serious charge of which the jury found him guilty was attempted assault in the first degree.

■ Concerning the admission in evidence of the disputed photographs, the record is clear that they were admitted not to depict the scene at the time of the occurrence, as defendant suggests, but rather to show the relative positions of the parties in the parking lot during the period defendant was firing his revolver at a police officer and a bartender. In fact, the defendant himself used the photographs during his testimony for purposes of illustration. We also conclude, after reading the prosecutor's summation, that the remarks made by him were not so improper as to constitute serious prosecutorial misconduct.

■ Similarly, defendant's assertion that the trial court committed prejudicial error by failing to define "physical injury" in its charge on attempted assault in the second degree, although it had defined "serious physical injury" in its charge on attempted assault in the first degree, also lacks merit. According to defendant the trial court placed undue emphasis on the attempted assault in the first degree count and blurred the distinction between the two crimes. However, as the People correctly argue, the trial court not only instructed the jury as to what constituted serious physical injury, but also advised it that the difference between the two crimes is one of intent in that defendant must have intended to cause serious physical injury to be guilty of the first degree attempted assault court, and, if he only intended to cause physical injury, he could only be convicted of attempted assault in the second degree. The jurors were further instructed that they had to be satisfied beyond a reasonable doubt that defendant intended to cause serious physical injury before they could find him guilty of the crime of attempted assault in the first degree. It should also be observed that defense counsel made no objection to the charge that was given in this regard.

■ Defendant also argues on appeal that the weapons possession count was a lesser included offense of the attempted assault in the first degree count. We disagree. Each crime constitutes a separable and statutorily prescribed wrong (cf. *People v Perez,* 45 NY2d 204).

However, although we affirm, we take cognizance of the fact that the trial court's instruction to the jury on the question of intent included a statement that there is a rebuttable pre-

sumption that a person intends the natural consequences of his act and that the "effect of [the] presumption is to place the burden upon the adversary, *in this case, the defendant,* to come forward with evidence to negate the existence of the presumed facts" (emphasis supplied).

■ Although the instruction concerning the rebuttable presumption and the alleged burden devolving upon defendant is improper we are nevertheless convinced that when read as a whole, the trial court's instructions clearly indicated to the jury that the burden of proof was borne at all times by the People, that the prosecutor was required to adduce proof beyond a reasonable doubt as to every element of each crime involved, and that such burden was not shifted to the defendant. Moreover, the trial court also instructed the jurors, *inter alia,* that the defendant is presumed innocent and must be given the benefit of that presumption throughout the trial and until the People have proven his guilt, and that they (the jurors) must find that the People established the existence of the requisite intent by proof beyond a reasonable doubt.

We also conclude that in view of the overwhelming evidence of defendant's guilt adduced at the trial, there is no reasonable possibility that the tainted charge contributed to the conviction.

Although we take cognizance of the holding in *Sandstrom v Montana* (442 US 510), we find that any error by the trial court in the charge on presumed intent was harmless beyond a reasonable doubt (see *People v Almestica,* 42 NY2d 222, 226; *People v Crimmins,* 36 NY2d 230; *People v Spagna,* 71 AD2d 994).

MOLLEN, P. J., HOPKINS, TITONE and MANGANO, JJ., concur.

Judgment of the County Court, Westchester County, rendered September 8, 1977, affirmed.