■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MIGLIACCIO, Also Known as WILLY, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered September 13, 1978, convicting him of murder in the second degree, kidnapping in the second degree, rape in the first degree and sodomy in the first degree, upon a jury verdict, and sentencing him to an indeterminate prison term of 25 years to life on the murder conviction and an indeterminate prison term with a maximum of 25 years on the remaining convictions, with all sentences to run concurrently. Judgment affirmed. Contrary to defendant's argument, the trial court thoroughly and adequately dealt with the issue of intoxication and its relationship to the question of intent (see *People v Koerber*, 244 NY 147; *People v Jones*, 27 NY2d 222; Penal Law, § 15.25), and accordingly no error was committed by the trial court in this regard. Defendant also contends that the trial court improperly relieved the People of the burden of proving beyond a reasonable doubt intent to commit a crime and thereby violated the rule set forth in *Sandstrom v Montana* (442 US 510) when it charged the jury: "You must also bear in mind when considering the question of intent that a person intends the natural and necessary and probable consequences of the acts done by him and also the act, or—was done under circumstances so as to preclude the existence of such intent you have a right to find from the result produced an intention to effect it." We disagree. Initially, it should be noted that any claimed *Sandstrom* error with respect to the charge has not been preserved for appellate review since defendant failed to take an appropriate exception (see *People v Thomas*, 50 NY2d 467). Nor would we reverse on this ground in the interest of justice. (See CPL 470.15.) The excerpt complained of was only an isolated instance, in an otherwise proper charge. We have reviewed the entire charge and are convinced that when read as a whole, the trial court's instructions clearly indicated to the jury that the burden of proof was to be borne at all times by the People, that the prosecutor was required to adduce proof beyond a reasonable doubt as to every element of each crime involved, and that such burden was not shifted to the defendant. The trial court also instructed the jurors, *inter alia*, that the defendant is presumed innocent and must be given the benefit of that presumption throughout the trial and until the People have proven his guilt, and that the jurors had to find that the People established the existence of the requisite intent by proof beyond a reasonable doubt. (See *People v Fournier*, 70 AD2d 491.) Moreover, in view of the overwhelming evidence of guilt adduced at the trial, there is no reasonable possibility that the complained of excerpt in the charge contributed to the conviction. (See *People v Almestica*, 42 NY2d 222, 226; *People v Crimmins*, 36 NY2d 230; *People v Fournier, supra; People v Reyes*, 71 AD2d 1034.) Finally, it is our view that the sentence imposed was not excessive and should not be disturbed. Lazer, J. P., Gibbons, Martuscello and O'Connor, JJ., concur.