■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MCCLAIN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered February 23, 1982, convicting him of robbery in the second degree and criminal possession of stolen property in the third degree upon a jury verdict, and imposing sentence.

Judgment affirmed.

On the instant appeal defendant argues, *inter alia,* that the trial court committed reversible error when it (1) denied his motion, made pursuant to *People v Sandoval* (34 NY2d 371), which sought to preclude the prosecution's use of his 1979 plea of guilty to the crime of attempted grand larceny in the third degree for purposes of impeachment and (2) charged the jury, contrary to the holding of the United States Supreme Court in *Sandstrom v Montana* (442 US 510), that "a person is presumed to intend the natural consequences of his act".

We disagree with defendant's arguments.

It is well settled that trial courts "have broad discretion in deciding whether a prosecutor should be precluded from impeaching a defendant's credibility by reference to prior immoral, vicious or criminal acts" (*People v Hall,* 99 AD2d 843). Defendant's conviction by plea of guilty to the crime of attempted grand larceny in the third degree demonstrated his willingness to place his own self-interest ahead of the interests of society (*People v Sandoval, supra*). Moreover, the prior conviction was not so remote in time as to require preclusion of cross-examination concerning it. Finally, it should be noted that the trial court took pains to properly charge the jury that it was to limit

consideration of defendant's prior conviction to the question of "defendant's credibility only" and it could not be considered by the jury to prove defendant's propensity to commit criminal acts.

With respect to the alleged *Sandstrom* error, it must be noted that defendant failed to object to this portion of the charge and thus this issue has not been preserved for appellate review (*People v Thomas,* 50 NY2d 467; *People v Contes,* 60 NY2d 620, 621; *People v Mandrachio,* 79 AD2d 278, affd 55 NY2d 906; *People v Gonzales,* 77 AD2d 654, affd 56 NY2d 1001).

In any event, a review of the charge as a whole indicates that the court properly instructed the jury on the appropriate burden of proof and the fact that any presumption or inference regarding the issue of intent was permissive only (*People v Green,* 50 NY2d 891, cert den 449 US 957; *People v Getch,* 50 NY2d 456, 465). Under these circumstances, and in view of the overwhelming evidence of guilt, the *Sandstrom* error alleged by defendant does not warrant reversal in the interest of justice (*People v Fournier,* 70 AD2d 491).

We have reviewed defendant's remaining argument and find it to be without merit. Titone, J. P., Mangano, Weinstein and Brown, JJ., concur.