■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON HERNANDEZ, Also Known as DAVID NELSON HERNANDEZ, Appellant. [618 NYS2d 541] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patterson, J.), rendered October 2, 1991, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court improperly diluted and shifted the burden of proof. Initially, it should be noted that the issue was not preserved for appellate review since the defendant failed to object to the specific charge in question (CPL 470.05 [2]). In any event, the court properly instructed the jury, *inter alia,* that the defendant was presumed innocent and must be given the benefit of the presumption, and that the People had the burden of proving guilt beyond a reasonable doubt. In viewing the charge as a whole, the court's instructions were proper *(see, People v Migliaccio,* 77 AD2d 575).

The sentence is not excessive *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HYLTON, Appellant. [618 NYS2d 541] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered January 13, 1994, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.