Harold Lieberman, J.
This is an application for a writ of error coram nobis brought on behalf of the defendant, George Macchi.
On July 31,1963, the defendant was arrested by the New York State Police for a violation of section 986-b of the Penal Law, the possession of book-making records, a misdemeanor. On the same day, in fact almost simultaneously, five other individuals were also arrested by the New York State Police, their charges being gambling in one form or another. All of these arrests including defendant’s were predicated and based upon the search warrants issued by the Columbia County Court and which said search warrants were all based upon a sworn affidavit of one of the State Police investigators, said affidavit being exactly the same in the case of each separate warrant issued. All of the individuals arrested were taken to the New York State Police barracks for questioning and legal processing and thereafter brought before this court, where each, including defendant, was fully advised of their constitutional rights of counsel, bail and the like, this fact is conceded by defendant’s attorney on the argument of this application. That after being so advised, petitioner and two other defendants pleaded guilty to their respective charges and were fined $200 each by the court. The three remaining defendants requested adjournment for counsel and bail was fixed by the court and the three defendants were released on bail to obtain counsel. Thereafter these three defendants through their counsel made application to the Supreme Court of this State to have the search warrants issued by the Columbia County Court vacated and the evidence seized thereunder suppressed and returned to them; the basis of their application was that the affidavit upon which these search warrants were issued was legally insufficient. At the time this application was made in the Supreme Court the Supreme Court also stayed all proceedings in this court until a decision was made 'as to the search warrants. This matter was thereafter returned to the County Court by the Supreme Court and the County Court which had originally issued the warrants dismissed and vacated them and ordered all evidence obtained returned to the defendants. These three defendants then moved against their respective informations in this court and these informations were dismissed by this court.
The defendant, George Macchi, took no appeal from the judgment of conviction and made no move as to the same, then 10 months later, however, he instituted this coram nobis proceeding to set aside his conviction alleging that his plea of guilty had been procured from him through coercion and threats on the *544 part of the State Police and on the further ground that the search warrant upon which he was arrested was based upon exactly the same affidavit as the other search warrants which the County Court had vacated as being null and void because of the legal insufficiency of the affidavit and therefore his arrest was illegal and should be set aside. The defendant through his counsel maintains that he, the defendant, was deprived of an important constitutional right, the right to be free of unreaspnable search and seizure since these search warrants being null and void could not be the basis for a search of defendant’s person.
The writ of error coram nobis is to be treated as an emergency measure, born of necessity to afford a defendant a remedy against injustice when no other avenue of judicial relief is or ever was available to him. (People v. Sullivan, 3 N Y 2d 196.)
A writ of error coram nobis is distinguishable from an appeal in that it is addressed to the court which rendered the judgment in the first instance and it is held to be unavailable where other established remedies or procedures can serve or might have served its purpose.
The writ of error coram nobis cannot be used to correct an error of law which appears on the face of the record. Similarly, where an alleged error of fact appears on the record and might have been raised on appeal, the same rule has been stated that coram nobis does not lie. It is also true that there is no time limit on an application for a writ of error coram nobis (People v. Richetti, 302 N. Y. 290).
Under present law an appeal from a conviction in a court of Special Sessions must be made to the County Court within 30 days. The law is also clear that a plea of guilty constitutes an admission of all well-pleaded facts in an information and waives all defects in the information except jurisdictional ones. A plea of guilty is an admission on the part of a defendant that he committed the acts set forth in the information and that he is guilty of the crime charged, in other words a plea of guilty gives a defendant the status of one convicted after a jury trial (People v. Kass, 35 Misc 2d 449; People v. Quinn, 8 Misc 2d 546, affd. 5 AD 2d 824).
In the case of People v. Gaminito (3 N Y 2d 596) three defendants were convicted of first degree murder upon evidence consisting of their confessions. Two of the defendants appealed and one of the same two also proceeded on a writ of habeas corpus in the Federal court, which found that his confession had been coerced and remanded the case to County Court. On reargument in the Court of Appeals, the court granted a new *545 trial and excluded the confessions on the grounds that the same had been coerced. Noia, the third defendant, had not appealed as did the other two defendants, nor did he seek habeas corpus, in fact it was after the Court of Appeals many years later reversed the judgment of conviction did Noia, the third defendant, commence a coram nobis proceeding in which he contended that his constitutional rights had been violated in that he had been convicted upon a coerced confession which had been later excluded by the court and that despite his acceptance of the conviction, despite his failure to appeal, he stands in the same position as the other two defendants who did appeal and eventually were successful.
In the case at bar we have a like or very similar situation. Six defendants were arrested on the same day, all arrests were made almost simultaneously and all were made on the basis of search warrants issued by the County Court and all the search warrants were based on exactly the same affidavit in each case and all violations were in the nature of some form of gambling or the like. Three of the defendants, one of whom was defendant, pleaded guilty on arraignment after being fully advised of their constitutional rights. Three defendants decided to test the validity and legality of the search warrants and were successful some months later in having them vacated and eventually having their informations against them dismissed by this court. The defendant herein, failed to appeal his conviction and failed to commence or take any postconviction remedies but chose to stand on his plea of guilty. In fact it was after the County Court, months later, had vacated the search warrants and this court dismissed the informations against the other three defendants did he commence this present coram nobis proceeding in which he now, among other things, contends as did Noia in the above-cited ease, that despite his plea of guilty which is an admission of all the facts and the charge set forth in the information, despite his failure to appeal or take any other legal steps as to his conviction, he now stands in the same position as the three defendants who did proceed further and were successful.
The Court of Appeals in the above-cited Gaminito case held that not having participated in the appeal prosecuted by the other defendants, Noia was not entitled to the beneficial results that they obtained. The court said Noia’s failure to pursue the usual and accepted appellant procedure to gain a review of the conviction does not entitle him later to utilize the present-day counterpart of the extraordinary writ of error coram nobis, and this is so even though the asserted error or irregularity relates to a violation of a constitutional right.
*546 A coram nobis application may not be used as a substitute for an appeal (People v. Schwartz, 12 N Y 2d 753; People v. Howard, 12 N Y 2d 65).
In People v. Nicholson (11 N Y 2d 1067) a defendant pleaded guilty to a crime. Thereafter in a coram nobis proceeding, the defendant alleged that a confession made on the day of arrest was obtained through physical assault upon him, abuse, mental cruelty and illegal delay in arraignment. The court held a defendant who has knowingly and voluntarily pleaded guilty may not thereafter attack the judgment of conviction entered thereon by coram nobis or other postconviction remedy on the ground that he had been coerced into making a confession and that the existence of such coerced confession induced him to plead guilty. The issue as to whether the confession was illegally obtained is waived by the guilty plea.
In People v. Smith (13 A D 2d 870) it was held that a plea of guilty and continued plea of guilty in further proceedings effectually waives contention as to delay between arrest and arraignment and to alleged threats by authorities to induce confession.
Furthermore the record before this court contains no specific allegations of fact to support defendant’s claim that his plea of guilty was illegally entered and was obtained as a result of fear, intimidation, misrepresentation and fraud on the part of the New York State Police, these allegations are only conclusory allegations to this effect. Such allegations are insufficient in law, without some supporting factual detail to justify granting of a hearing or any relief in a coram nobis proceeding (People v. Ashley, 17 A D 2d 832).
After a careful review of the record and based upon the foregoing authorities it would appear that defendant, G-eorge Macchi’s contentions are without merit and it is therefore this court’s opinion and decision that defendant’s writ of error coram nobis must be denied without a hearing.