■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK DELLIPIZZI, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 1, 1976, convicting defendant, after jury trial, of robbery in the first degree (Penal Law, § 160.15) and sexual abuse (Penal Law, § 130.65) and sentencing him thereunder, is unanimously affirmed. No question is raised as to the sufficiency of the evidence on the robbery charge. As to the sexual abuse charge, a factual question was presented which the jury resolved against the defendant on evidence which we deem wholly sufficient. In that connection, we note the evidence that the defendant said to the man in the car "let my friend do what he wants to your girl"; that during the sexual abuse of the girl by his accomplice, defendant required the man in the car to put his head on the steering wheel and put his hands on the dashboard and held what appeared to be a gun to the man's head; that the accomplice, questioned as to whether there was any previous discussion with the defendant as to the act of sexual abuse that the accomplice intended to perform, said, "it was already known * * * From association * * * Q. From prior things that happened? A. Yes." However, in the course of a supplemental charge with respect to acting in concert, the Trial Justice said: "Upon the question of intent, you may infer that a person intends that which is a natural and necessary and probable consequence of the act done by him, and *unless the act was done under circumstances to preclude the existence of such intent* you have a right to find from the results produced an intention to effect it." (Italics supplied.) Apart from the inappropriateness of this portion of the charge in the present case, we are disturbed by the use of the phrase which we have italicized. While we are not prepared to say that the use of this phrase is necessarily error, we think a jury might conceivably misunderstand that phrase as shifting to defendant to some extent the burden of proof with respect to intent. We take this opportunity to caution the trial bench to avoid the use of this phrase. The defendant's intent is to be judged in the light of all the circumstances, including the permissible inference referred to, where appropriate, and is to be proved beyond a reasonable doubt. In the present case, the charge read as a whole, as well as the jury's questions, make clear that the burden of proof was not shifted. Concur—Murphy, P. J., Lupiano, Silverman, Markewich and Sandler, JJ.