◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GETCH, Appellant.—Defendant appeals from a judgment of the Supreme Court, Kings County, rendered June 23, 1977, convicting him of assault in the second degree, criminal possession of stolen property in the second degree and unauthorized use of a vehicle, upon a jury verdict, and imposing sentence. Judgment affirmed. Particularly in light of the fact that the defense theory upon trial was that defendant was too intoxicated at the time the crimes in question were committed to be able to form the requisite criminal intent, defendant complains that the traditional charge of the trial court on intent constituted a shifting of the burden of proof and, hence, was prejudicial error. The charge given was as follows: "Upon the question of intent, you may infer that a person intends that which is the natural and necessary and probable consequence of the act done by him. And unless the act was done under circumstances to preclude existence of such intent, you have a right to find from the results produced an intention to effect it." Excluding more troublesome situations such as where the crime charged is conspiracy or proof of a specific intent is required, we do not believe that the instant charge has the same potential for impermissible burden shifting as that often used and condemned in the Federal courts. The charge which has been condemned permits the jury to infer intent from the natural and probable consequences of an act "unless the contrary appears from the evidence", thus suggesting that the inference is really a presumption which

the defendant must overcome with contrary evidence of his own (see, e.g., *United States v Robinson,* 545 F2d 301, 305-306; *Mann v United States,* 319 F2d 404, 407-410, cert den 375 US 986). Nevertheless, in order to avoid even the slightest possibility that a jury may be misled into thinking that a defendant bears any part of the burden of proof on the issue of intent, it would be advisable for the trial court to abstain from using the phrase " *'unless the act was done under circumstances to preclude existence of such intent'* " (see *People v Dellipizzi,* 61 AD2d 961). Read as a whole, the jury instructions at bar make it abundantly clear that the burden of proof was not shifted to defendant but was borne by the prosecution, requiring proof beyond a reasonable doubt as to every element of each crime charged. Therefore, defendant has not established the existence of reversible error. O'Connor, J. P., Gulotta, Margett and Mangano, JJ., concur.