■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT GREEN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 4, 1978, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Although we affirm, we note that the trial court's instructions to the jury on the question of intent included the statement that "a man is presumed to intend the natural consequences of his act unless the act was done under circumstances or under conditions which precluded the existence of such an intent." Read as a whole, the court's jury instructions made it abundantly clear that the burden of proof was not shifted to the defen-

dant but was borne by the prosecution requiring proof beyond a reasonable doubt as to every element of each crime involved. Consequently, there was no reversible error. Nevertheless, the quoted language is of the type often condemned in the Federal courts (see, e.g., *United States v Robinson,* 545 F2d 301, 305-306; *Mann v United States,* 319 F2d 404, 407-410, cert den 375 US 986) and we would suggest that the trial court abstain from using it (see *People v Getch* 68 AD2d 891). Titone, J. P., Suozzi, O'Connor and Lazer, JJ., concur.