*952 OPINION OF THE COURT
Frank Composto, J.
The defendant moves pro se to set aside and vacate a judgment of conviction following a trial by a jury which found him guilty of the crimes of robbery in the second degree (two counts); grand larceny in the third degree; and assault in the second degree (two counts).
On July 23, 1974 he was sentenced as a predicate felon to concurrent terms of imprisonment of not less than seven and one-half years nor more than 15 years as to the crimes of robbery; of not less than three and one-half years nor more than seven years as to the crimes of assault; and of not less than two years nor more than four years as to the crime of grand larceny.
On November 13, 1978, the Appellate Division, Second Department, modified the above conviction by reversing the conviction of assault in the second degree (under count six of the indictment) and grand larceny in the third degree. As so modified the Appellate Division, Second Department, unanimously affirmed the conviction (People v Reese, 65 AD2d 777). Leave to appeal to the Court of Appeals was denied on January 29, 1979 (People v Reese, 46 NY2d 921).
Petitioner now contends that (1) the trial court erred in permitting the prosecution to cross-examine the defendant as to his prior conviction; (2) the defendant was prejudiced by the prosecutor’s disparaging remarks on the defendant’s defense and of his defense counsel; (3) defendant’s sentence was excessive and should be reduced; (4) the court’s charge on intent erroneously shifted the burden of proof to defendant, violating the due process clause of the Fourteenth Amendment of the Constitution requiring that the State prove every element of a criminal offense beyond a reasonable doubt.
That branch of the motion based upon the petitioner’s first three contentions is denied on the ground that the issues raised therein were previously determined on the merits upon an appeal from the judgment (CPL 440.10, subd 2, par [a]).
The last contention of the petitioner in the motion in the nature of a writ of error coram nobis pursuant to CPL 440.10 is considered by the court. However, as summarized by Justice Doyle in People v Oldring in a recent decision (NYLJ, Aug. 10, 1979, p 15, col 6): "The scope and purpose of the coram nobis remedy is to call up facts unknown at the time of *953 judgment (People v. Caminito, 3 N. Y. 2d 596, 170 N. Y. S. 2d 799. '. . . facts which affect the validity and regularity of the judgment itself, facts which, if known, would have precluded the judgment rendered.’ People v. Farina, 65 Misc. 2d 970, 319 N. Y. S. 2d 166). Errors appearing on the face of the record must be raised on appeal (People v. Sadness, 300 N. Y. 69; People v. Gersewitz, 294 N. Y. 163; People v. Sullivan, 3 N. Y. 2d 196, 165 N. Y. S. 2d 6). Coram nobis is neither a substitute for appeal nor an avenue for additional appeal (People v. Brown, 13 N. Y. 2d 201, 206, 245 N. Y. S. 2d 577, 581, cert den 376 U. S. 972, 84 S. Ct. 1140, 12 L Ed 2d 86; People v. Shapiro, 3 N.Y. 2d 203, 165 N. Y. S. 2d 14). Nor is coram nobis procedure appropriate to afford relief as to matters appearing on the record that might have been raised on appeal (People v. Macchi, 43 Misc. 2d 542, affirmed 44 Misc. 2d 170; CPL section 440.10)”.
The court in this case in its charge to the jury stated:
"Now, when the indictment which is the written accusation was filed in this court, the defendant came into court and in words or substance, stated, T am not guilty.’ When that was done, the law placed what we characterize as an invisible cloak around him. We call that the presumption of innocence. And from that presumption — that presumption remains with him throughout the trial, in your jury deliberating room, until such time, if that time comes, when each of you is convinced that his guilt has been proven by evidence that convinces you beyond a reasonable doubt, then that presumption has been overcome.
"Now, the law does not say that the defendant is innocent. The law says that he is presumed to be innocent. The presumption, as I have indicated, may be overcome and rebutted. And if after you have listened to all of the evidence, you have come to the conclusion that his guilt has been proven by evidence beyond a reasonable doubt, then that presumption has been overcome.
"J charge you that in all criminal cases, the burden is always on the prosecution to prove each element of the crime charged by proof that convinces the jury beyond a reasonable doubt. And that burden never shifts to the defendant.” (Emphasis supplied.)
The court then also stated in its charge:
"Now, what is intent? Intent, of course, is a mental operation. In the very nature of things, it is difficult to prove what *954 is in a person’s mind. A person about to commit a crime does not as a general rule go out into the highways and announce he is going to commit a crime. But one’s intentions may be proven by the facts and circumstances surrounding the commission of the crime and by the events leading up to and subsequent to it.
"As to this question of intent, you may infer that a person intends that which is the natural and necessary consequences of the act done by him. And unless the act was done under circumstances which preclude the existence of such an intent, you have a right to find from the results produced an intention to effectuate it.
"I charge you that under our law, every defendant is entitled to every inference in his favor which can reasonably be drawn from the evidence. Should you in the weighing process of the evidence come to a conclusion that two inferences may be drawn from the same state of facts, one perhaps consistent with guilt and one perhaps consistent with innocence, then I charge you that under the law, the defendant is entitled to that inference which is consistent with innocence (Emphasis supplied.)
In reviewing the particular part of the charge claimed to be erroneous and unconstitutional, the court finds that the words actually spoken to the jury could not be interpreted by the jurors as a mandatory direction to find that the defendant intended the consequences of his voluntary acts without giving consideration to the evidence in the case or further proof. The jurors were not told to presume that conclusion but were told that they had a right to infer it from the evidence. This form of instruction was indicated as proper in Sandstrom v Montana (442 US 510, 515) wherein the court stated: "Sandstrom’s jurors were told that 'the law presumes that a person intends the ordinary consequences of his voluntary acts.’ They were not told that they had a choice, or that they might infer that conclusion; they were told only that the law presumed it” (emphasis supplied). And then the same court further quoting from the case of United States v United States Gypsum Co. (438 US 422), stated: " 'Although an effect on prices may well support an inference that the defendant had knowledge of the probability of such a consequence at the time he acted, the jury must remain free to consider additional evidence before accepting or rejecting the inference’ ” (Sandstrom v Montana, supra, p 523; emphasis supplied).
*955 In the concurring opinion of Sandstrom v Montana (supra, p 527) Justice Rehnquist stated: "And surely if this charge had, in the words of the Court, 'merely described a permissive inference,’ ante, at 514, it could not conceivably have run afoul of the constitutional decisions cited by the Court in its opinion.” This is in accord with the definition given by Webster’s Third New International Dictionary, 1969, as follows: "Infer indicates arriving at an opinion or coming to accept a probability on the basis of available evidence, which may be slight”.
Petitioner places the emphasis of his contentions on the words: "And unless the act was done under circumstances which preclude the existence of such an intent”.
The court is aware of decisions containing the caveat against the use of these words. However, in instructing the jury in this case, the court gave additional instructions to sufficiently insure against the jury being misled as to the burden of proof of the elements of the crime charged and that it never shifts to the defendant.
A charge may not be interpreted piecemeal. It must be read in its entirety and considered as a whole. The court is in agreement with the statement by Justice Rehnquist in Sandstrom v Montana (supra, p 527): "I am loath to see this Court go into the business of parsing jury instructions given by state trial courts, for as we have consistently recognized, 'a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.’ Cupp v. Naughten, 414 U.S. 141, 147 (1973)”.
Therefore, the court finds that a reading of the charge in its totality reveals that the words spoken to the jury made it clear that the burden of proof never shifted and in no way rose to the level of constitutional error (People v Dellipizzi, 61 AD2d 961; People v Getch, 68 AD2d 891).
Accordingly, the motion is in all respects denied.