OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Although the court’s charge to the jury on intent refers to a "rule of evidence” to the effect that a person is presumed to intend the natural consequences of his acts, the court’s explanation of the rule makes it clear throughout that the jury had a choice and that it was for them to decide from all the circumstances in the case whether the People had met their burden of proving that the defendant actually intended the result. This in our view distinguishes Sandstrom v Montana (442 US 510, 515) where the court noted that the charge was given without qualifications or explanations; the jurors "were told only that the law presumed it” (see, also, People v Getch, 50 NY2d 456). We note, however, that in the future the courts would be better advised to avoid using the charge that was employed in this case.
With respect to the defendant’s other contention we find that the charge read as a whole adequately informed the jury that the prosecutor had the burden of proving beyond a reasonable doubt that the defendant took the car permanently or for an extended period of time as defined by statute (Penal Law, § 155.00, subd 3) and that the defendant did so intentionally.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.