■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN McKENNA, Appellant.—Appeal by defendant from (1) a judgment of the Supreme Court, Queens County, rendered June 19, 1979, convicting him of attempted assault in the first degree, upon a jury verdict, and imposing sentence and (2) (by permission) an order of the same court, dated December 7, 1979, which denied his motion to vacate the judgment on the ground of newly discovered evidence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Appeal from the order dismissed as academic in light of the determination on the appeal

from the judgment. Defendant, Brian McKenna, was indicted for the crime of attempted assault in the first degree. He was accused of striking James O'Donnell on the head and leg with a bumper jack in the early morning hours of October 14, 1978 during a street fracas involving at least 20 young men. O'Donnell was the chief prosecution witness. He identified the defendant as his assailant and, over objection on the ground that there had been no proper foundation, was also permitted to testify that he had selected defendant's photograph from the folder of photographs introduced into evidence. Detective Eugene Kelly, over objection on the ground of bolstering, was permitted to testify for the prosecution that O'Donnell identified a photograph of McKenna as the culprit. The prior photographic identification was also referred to in the prosecutor's summation. Neither witness' testimony about the prior photographic identification was admissible. The rule in New York is that a witness may testify to a previous corporal identification he made of the defendant, under circumstances consistent with the accused's rights of due process (see CPL 60.25); but testimony of prior identification from pictures is not admissible (People v Cioffi, 1 NY2d 70, 73). Testimony by someone else that a witness made a previous identification is also error (People v Trowbridge, 305 NY 471). Since the critical issue in the present case was identification, the inadmissible testimony was fatal to defendant's right to a fair trial. We reject respondent's argument that the improper basis for exclusion proffered by the defense counsel as to O'Donnell's testimony at trial precludes our review upon appeal. We choose to consider the error in the interest of justice (see People v Maschi, 49 NY2d 784). In any event, the bolstering testimony of Detective Kelly on the identification issue was, of itself, reversible error in the posture of this case. The prosecution committed a third error by its failure to give notice to the defendant pursuant to CPL 710.30 of its intent to offer into evidence a statement made by him to the police during their investigation of the case. A suppression hearing was held at the time of trial, and the statement was ruled admissible. Inasmuch as defendant will not be surprised, upon the retrial, by the existence of the statement, we do not find it necessary to exclude it. We express our concern, however, with the laxity shown by the prosecutor's office in fulfilling its responsibility as commanded by the statute and which, in almost all circumstances, would result in a preclusion of the statement (see People v Briggs, 38 NY2d 319; cf. People v Spruill, 47 NY2d 869). The evidence which defendant claims was not made available to him upon the first trial, because of inadvertence, and the evidence newly discovered will both be available upon the retrial. Three other points raised by defendant upon appeal need to be briefly addressed. The prosecutor's summation was not, on the whole, so improper that it would, of itself, constitute reversible error. The People, however, in their brief note that certain comments were "better left unsaid", a concession we trust will be observed upon the new trial. With respect to the trial court's instruction on intent, in the future courts should "avoid the use of phrases which could be construed or even misconstrued as shifting any part of the burden to the defendant" (People v Getch, 50 NY2d 456, 466, affg 68 AD2d 891). Defendant's contention that O'Donnell's testimony is incredible as a matter of law is without merit. Issues of credibility are primarily for the jury (see People v Gruttola, 43 NY2d 116). Damiani, J. P., Gibbons, Gulotta and Martuscello, JJ., concur.