■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL RAMOS, Appellant. — Judgment, Supreme Court, Bronx County (Ramos, J.), rendered March 28, 1979, convicting defendant after jury trial of robbery in the second degree and sentencing him to an indeterminate term of 6 to 12 years' imprisonment, unanimously reversed, on the law, and the matter is remanded for new trial. The victim, a 65-year-old taxi driver with an extensive criminal record, testified that he had been drinking at a Bronx bar on the night of June 29-30, 1978 with one Inez Cosme, whom he had never met before. After about two hours of drinking and conversation, Cosme made a few phone calls and then the couple left together. In response to the victim's suggestion that they go to his apartment for a few more drinks, Cosme invited him to her apartment instead. The victim agreed, and asked Cosme to drive his car because he was too intoxicated. After seemingly driving around in circles, Cosme stopped the car at the corner of 184th Street and Creston Avenue, where defendant suddenly appeared and jumped into the back seat. They then proceeded to a deserted gas station where Cosme began assaulting the victim, demanding his money and threatening to kill him. During this action defendant reached over from the back seat and grabbed the victim around the neck. The victim testified that he felt a cold object pressed against his neck. After Cosme had relieved him of his watch and cash, the victim was able to open the door and break away just as the police arrived at the scene. The police had followed the car when they noticed its suspiciously slow meanderings through the neighborhood. During the course of their surveillance they observed the female driver stop and let defendant in after a brief conversation with him, followed by the commotion in the car. The police testimony corroborated victim's story that defendant had held his arm around the victim's neck while Cosme punched the victim. When the victim saw the police he immediately screamed that he had been robbed. The evidence of the act was clearly established for the jury. However, the element of intent, which is also an indispensable ingredient of the crime of robbery (*People v Lopez*, 58 AD2d 516), must independently be established beyond a reasonable doubt. The defense was based on defendant's insistence that he was merely an innocent bystander to the altercation between Cosme and the victim. Cosme, who had pleaded guilty to attempted robbery in the first degree, testified to this effect on defendant's behalf. She testified that defendant was trying to help the victim by trying to release her grip on the victim. Thus, although defendant was undeniably on the scene and was perceived to be participating in an apparent assault on the victim, the defense raises a question as to defendant's intent to commit a robbery. On this question of intent the court instructed the jury as follows: "On the question of intent the law says that a person's presumed to intend that which is the natural and probable consequence of his act. You will readily understand that the intention with which a person commits an act is seldom if ever put into words by him before the commission of the act. Crimes ordinarily are secret and a person does not advertise beforehand or say beforehand what he intends to do. So the law says that a person is presumed to intend that which he actually does." This was precisely the presumption that the Supreme Court rejected in *Sandstrom v Montana* (442 US 510) as an unconstitutional shifting of the burden of proof, and the People so concede. However, the People go on to argue that the evidence of the act was so overwhelming that the inference of

intent was established for the jurors beyond a reasonable doubt, thus rendering the court's concededly improper instruction "superfluous to the jury's finding of guilt." Such logic undermines the fundamental burden of the People to prove independently both the criminal act and the defendant's intent to commit that act. Since the issue of intent was vital to defendant's case, the erroneous charge on intent cannot be considered to have been "harmless" *(People v Marr,* 50 NY2d 456, 465). Concur — Sandler, J. P., Carro, Bloom and Fein, JJ.