THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Yoswein, J.), rendered October 28, 1977, convicting him of robbery in the first degree (three counts), attempted assault in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree, criminal posses-

sion of a weapon in the third degree (two counts), and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court's charge on intent impermissibly shifted the burden of proof to him *(see, Sandstrom v Montana,* 442 US 510). While the charge used here was disapproved in *People v Green* (50 NY2d 891, *cert denied* 449 US 957), the Court of Appeals determined that it did not impermissibly shift the burden of proof to the defendant. Furthermore, any error would be harmless here given the overwhelming proof of the defendant's intent to commit the crimes charged *(see, Rose v Clark,* 478 US —, 106 S Ct 3101; *People v Smalls,* 55 NY2d 407).

We agree with the defendant's contention that the trial court should have given curative instructions to the jury regarding the prosecutor's cross-examination of one of the defendant's character witnesses about his knowledge of the defendant's prior arrest *(see, e.g., People v Kuss,* 32 NY2d 436, *cert denied* 415 US 913). Nevertheless, there is no substantial probability that the jury would have acquitted the defendant had curative instructions been given, and we find the error to be harmless *(see, People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are either unpreserved for review or without merit. Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.