(April 11, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

THATON BYAS, Appellant.—Judgment, Supreme Court, New York County (Dorothy Cropper, J., at hearing, trial and sentence), rendered July 11, 1986, convicting defendant, after a jury trial, of Murder in the second degree, and sentencing him to an indeterminate term of twenty-three years to life in prison, reversed, on the law, defendant's suppression motion granted, and the matter remanded for a new trial.

In this murder trial, the question of whether defendant intended to kill the victim was the key issue, as underscored by the fact that justification was argued and charged to the jury, and the court charged manslaughter in the first degree as a lesser included offense. It was, therefore, as conceded by the People, improper for the trial court to instruct the jury, after the prosecutor's summation: "I simply want to say that a person is presumed, under the law to intend the natural and probable consequences of his knowing acts." *(Sandstrom v Montana,* 442 US 510, 517-524.) New York courts have repeatedly held that such language constitutes reversible error as triggering a mandatory, rather than a permissible, presumption. *(See, e.g., People v Getch,* 50 NY2d 456, 463; *People v Ramos,* 83 AD2d 817.)

The People contend that the objectionable language does not necessitate a reversal because "the rest of the charge expressly negated any notion that the People's burden on one element could be satisfied by a mere presumption of proof of another." While the charge should be read as a whole *(Cupp v Naughten,* 414 US 141, 146-147) and there was included in the main charge appropriate language concerning intent, we cannot "assume that the jurors, faced with two opposite and mutually exclusive charges * * * had the wit and ability, with unanimity, to adopt the right one and reject the wrong one." *(People v Kelly,* 302 NY 512, 517 [1951].)

We are required to look to the " 'words actually spoken to the jury * * *, for whether a defendant has been accorded his constitutional rights [and this] depends upon the way in which a reasonable juror could have interpreted the instruction.' " *(Francis v Franklin,* 471 US 307, 315, quoting *Sandstrom v Montana,* 442 US, *supra,* at 514.) Indeed, the ambiguity of conflicting instructions is itself a source of reversible error. Since a reasonable juror could have interpreted the court's instructions as creating a legal presumption as to the element of intent, we hold that he was denied a fair trial.

Independent of the *Sandstrom* error, a reversal is required because although the court correctly suppressed defendant's first two statements as in violation of *Dunaway v New York*

(442 US 200), *Payton v New York* (445 US 573) and *Miranda v Arizona* (384 US 486), it erroneously admitted defendant's third statement, made on videotape at 4:00 or 5:00 A.M., approximately three hours after the second inadmissible statement. *(People v Harris,* 77 NY2d 434, 440.) As in that case, the statement obtained from this defendant was not sufficiently attenuated in view of "the temporal proximity of the arrest and the statement, the absence of intervening circumstances and the purpose and flagrancy of the police misconduct". *(Supra,* at 441.) We decline to hold, in this regard, that simply because an adequate set of *Miranda* warnings was administered just before the videotaped statement was taken, that there were therefore attenuating circumstances.

Accordingly, the judgment of conviction is reversed, the statements suppressed and the matter remanded for a new trial. Concur—Murphy, P. J., Carro, Ellerin and Wallach, JJ.

Smith, J., concurs in a separate memorandum as follows: I concur fully in the decision to reverse the conviction and to suppress the statements made. I wish to emphasize the facts which require suppression of the statements.

In *People v Harris* (77 NY2d 434, 437), the Court of Appeals held that the "State Constitution requires that statements obtained from an accused following a *Payton* violation must be suppressed unless the taint resulting from the violation has been attenuated."

In *People v Harris (supra)* the police had probable cause to arrest the defendant for the murder of his girlfriend. They arrested him at his home without a warrant and thus violated *Payton v New York* (445 US 573 [1980]). Defendant then made three inculpatory statements, one in his apartment, a second one just an hour later at the precinct and a third videotaped statement at the precinct. The first and third statements were suppressed and the issue before the Court of Appeals was whether the second statement should be suppressed. That court ruled that the second statement should be suppressed "because of the temporal proximity of the arrest and the statement, the absence of intervening circumstances and the purpose and flagrancy of the police misconduct" *(supra,* at 441).

Here, the defendant was arrested at his home without a warrant and without probable cause on December 20, 1984. He was taken to the police precinct, arriving about 2:55 P.M. He was questioned from about 4:00 to 5:00 P.M. with no *Miranda* warnings. He made an exculpatory statement. Prior

to a second round of questioning, the defendant's girlfriend, who had been brought to the station, told the police that the defendant had admitted a shooting to her, thus giving the police probable cause to make an arrest. About 11:00 P.M. the defendant made a second statement after defective *Miranda* warnings were given. Specifically, defendant was not told that an attorney would be provided to him free of charge if he did not have an attorney. The defendant admitted shooting at someone but said he missed the person. Around 4:20 A.M. defendant was given proper *Miranda* warnings. He again stated that he fired at a person but missed him.

In this case even though there was a time period between the second and third statements, the flagrancy of the police misconduct in arresting defendant without probable cause and in failing to give proper *Miranda* warnings requires suppression of all three statements.