■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WADE TATE, Appellant. [608 NYS2d 846] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered November 27, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the instruction on intent deprived him of due process is not preserved for appellate review. Although the defendant objected to the initial charge, he did not object or request any further charge when the court attempted to clarify the law and gave additional instruc-

tions on intent *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467).

In any event, the claim is without merit. While it was concededly error for the court to instruct the jury that a person intends the natural consequences of his acts *(see, Sandstrom v Montana,* 442 US 510, 515; *People v Getch,* 50 NY2d 456; *People v Ramos,* 83 AD2d 817), the court is required to look to the " 'words actually spoken to the jury * * * for whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction' " *(Francis v Franklin,* 471 US 307, 315; *People v Byas,* 172 AD2d 242).

Here, after objection, the court extensively recharged the jury on the issue of intent, reading them the verbatim Penal Law definition. That definition was again employed in supplemental instructions upon a request by the jury during deliberations. All of these instructions, read as a whole, made it abundantly clear that it was the jury's role to determine intent and that the prosecution had the burden of proving the defendant's intent to kill beyond a reasonable doubt *(see, People v Green,* 69 AD2d 842, *affd* 50 NY2d 891).

In addition, there is overwhelming evidence regarding the defendant's intent to commit murder *(see, People v Smalls,* 55 NY2d 407, 417; *McGuinn v Crist,* 657 F2d 1107). At bar, two witnesses testified and placed the defendant at the apartment with two other individuals. The defendant asked to speak to the victim in another room. Both witnesses heard struggling and gunshots; one witness heard the defendant tell one of his companions to shoot the victim. After the victim was shot, the defendant dragged the victim to the door of the apartment and stabbed him in the back of the arm. Consequently, reversal is not required *(see, People v Smalls, supra).* Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.