■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER ZIVKOVICH, Appellant. [656 NYS2d 880] —Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered August 21, 1995, convicting him of driving while intoxicated, as a felony, aggravated unlicensed operation of a motor vehicle in the first degree, leaving the scene of an accident without reporting, and operating a motor vehicle with improper plates, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecutor's comments on summation deprived him of a fair trial are, in part, unpreserved for appellate review, and, in any event, are without merit (see, CPL 470.05 [2]; *People v Dien*, 77 NY2d 885, 886; *People v Udzinski*, 146 AD2d 245, 250). Moreover, the court did not err in giving certain curative instructions to the jury concerning testimony erroneously mentioned by the prosecutor in his summation.

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Copertino, Altman and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES SMITH, Appellant, v ROBERT HANSLMAIER, as Superintendent of Woodbourne Correctional Facility, Respondent. [655 NYS2d 976] —In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Kings County (Lipp, J.), dated April 13, 1995, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Because the issues raised in this proceeding could have been reviewed either on direct appeal from the judgment of conviction or on a motion pursuant to CPL article 440 to set aside the judgment, habeas corpus is not an appropriate remedy (see, *People ex rel. Benbow v Scully*, 189 AD2d 844; *People ex rel. Jackson v Scully*, 183 AD2d 799; *People ex rel. Heath v Riley*, 171 AD2d 768). Bracken, J. P., Copertino, Altman and Krausman, JJ., concur.