THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GRAHAM, Appellant. [747 NYS2d 171]

Defendant's suppression motion was properly denied. The record supports the hearing court's finding that the lineup was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833). The lineup participants wore shirts of varying styles and colors. There was no evidence adduced at the hearing concerning the victim's description of the clothing worn by her assailant at the time of the crime, and defendant's reliance on trial testimony is inappropriate (*see People v Gonzalez*, 55 NY2d 720, 721-722).

Defendant's challenge to the sufficiency of the evidence supporting the assault charge is unpreserved and we decline to review it in the interests of justice. Were we to review this

claim, we would find that the evidence established that the officer suffered a fractured bone in his elbow due to defendant's resistance while being arrested, causing the officer to miss almost one month from work and to be placed on limited duty for another three weeks thereafter. Additionally, the officer had some limitation of movement of his elbow some six months later. Accordingly, the officer suffered the requisite protracted impairment of health and protracted impairment of the function of a bodily organ, thus constituting a serious physical injury (*see* Penal Law § 10.00 [10]; § 120.08; *People v Mohammed*, 162 AD2d 367, *lv denied* 76 NY2d 861). We further find that the verdict was not against the weight of the evidence.

The record before us demonstrates that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714).

Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Saxe, Buckley, Ellerin and Marlow, JJ.