■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS TORRES, Appellant. [849 NYS2d 90]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered February 17, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 644-645 [2006]).

The defendant's challenge to certain allegedly improper remarks by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641 [1986]). In any event, the challenged remarks did not deprive the defendant of a fair trial (*see People v Zivkovich,* 237 AD2d 473 [1997]; *People v Yates,* 207 AD2d 567 [1994]).

The defendant's contention that the Supreme Court committed reversible error by instructing the jury that "[a] person is presumed, by law, to intend the natural and probable consequence of his acts" (*see Sandstrom v Montana,* 442 US 510 [1979]) is unpreserved for appellate review (*see People v Thomas,* 50 NY2d 467 [1980]; *People v Tate,* 200 AD2d 602, 602-603 [1994]). In any event, the contention is without merit, as the court's charge, read as a whole, made clear that it was

the jury's role to determine the defendant's intent, and that the People bore the burden of proving, beyond a reasonable doubt, that the defendant acted with the intent to kill (*see People v Green,* 50 NY2d 891, 893 [1980], *cert denied* 449 US 957 [1980]; *People v Tate,* 200 AD2d at 603). We note, however, that trial courts should avoid using the challenged language (*see People v Green,* 50 NY2d at 893), and should, instead, use language similar to that recommended by the Committee on Criminal Jury Instructions (*see* CJI2d [NY] Culpable Mental States—Intent; *People v Getch,* 50 NY2d 456, 465 [1980]).

To the extent that the defendant's claims of ineffective assistance of counsel involve matters dehors the record, they may not be reviewed on direct appeal (*see People v Campbell,* 6 AD3d 623, 624 [2004]). Insofar as we are able to review the defendant's claims, we find that defense counsel provided meaningful representation (*see People v Baldi,* 54 NY2d 137, 146-147 [1981]).

The sentence imposed was not excessive (*see* Penal Law § 70.04 [3] [b]; *People v Thompson,* 60 NY2d 513, 519 [1983]; *People v Suitte,* 90 AD2d 80 [1982]). Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.