■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOR CORBIN, Appellant. [934 NYS2d 389]—

The People established that the victim had a sufficient familiarity with defendant to make a confirmatory identification (*see People v Rodriguez*, 79 NY2d 445 [1992]). A few months before the crime the victim had a conversation with defendant about mating their dogs, after which the victim saw defendant many times in the neighborhood while defendant was driving his car. The victim also had a fight with defendant shortly before the

shooting, and was able to provide the investigating detective with defendant's first name.

The verdict was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]). We reject defendant's challenge to the weight of the evidence supporting the element of serious physical injury. Seventeen months after the shooting, the victim, a high school student, led a less active life than before the crime because he still suffered pain from his wound. This established a protracted impairment of health (see Penal Law § 10.00 [10]; *People v Graham*, 297 AD2d 579, 580 [2002], *lv denied* 99 NY2d 535 [2002]).

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Friedman, Moskowitz, Acosta and Richter, JJ.