Judgment, Supreme Court, Bronx County (John W. Carter, J., at hearing; Nicholas Iacovetta, J., at jury trial and sentencing), rendered November 22, 2011, convicting defendant of vehicular assault in the second degree and leaving the scene of an incident without reporting, and sentencing him, as a second felony offender, to an aggregate term of IV2 to 3 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The element of serious physical injury (Penal Law § 10.00 [10]) was established by evidence that two years after defendant hit her with his car, the victim was still experiencing pain in her wrist and back, which limited the physical activities in which she could engage. This constituted protracted impairment of health and protracted impairment of the function of a bodily organ, thus constituting serious physical injury (see People v Corbin, 90 AD3d 478 [1st Dept 2011], lv denied 19 NY3d 972 [2012]; People v Graham, 297 AD2d 579 [1st Dept 2002], lv denied 99 NY2d 535 [2002]).
*552 Because more than two hours had passed since defendant’s arrest, the officer who administered the breathalyzer test should not have advised defendant that if he refused to take the test, his driver’s license would be suspended and the refusal could be used against him in court. Nevertheless, considering the record as a whole, the court properly concluded that defendant’s consent to the test was voluntary. Most significantly, without any coercive conduct by the officer, defendant first agreed to take the test before the officer gave the inappropriate warnings.
The court properly denied defendant’s request for a pretrial hearing to determine whether the test, administered more than two hours after the arrest, was sufficiently reliable to be admissible. Although there are trial court opinions to the contrary (see e.g. People v Holbrook, 20 Misc 3d 920 [Sup Ct, Bronx County 2008]), we agree with the analysis set forth in People v D.R. (23 Misc 3d 605 [Sup Ct, Bronx County 2009]), which held that such a hearing is not required. While a defendant may challenge the reliability of the test at trial, we see no reason to conduct a pretrial hearing every time testing occurs more than two hours after arrest. Concur — Mazzarelli, J.P., Andrias, DeGrasse, Freedman and Gische, JJ.