■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC WILLIAMS, Appellant. [1 NYS3d 372]—Appeal by the defendant from a judgment of the Supreme Court, Kings County

(Dwyer, J.), rendered July 23, 2012, convicting him of murder in the second degree, attempted murder in the second degree, and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted in connection with the shootings of Oboi James and Jovani Vincent, which injured James and killed Vincent. At trial, the People presented evidence that the defendant intended to hit James, but also mistakenly hit Vincent. The jury was charged as to, inter alia, murder in the second degree with respect to Vincent on a transferred intent theory, attempted murder in the second degree with respect to James, and assault in the first degree with respect to James. The jury found the defendant guilty of those counts.

The defendant's contention that the People failed to present legally sufficient evidence to establish his intent to kill James, for purposes of the murder in the second degree and attempted murder in the second degree convictions, is unpreserved for appellate review (*see People v Soleyn*, 96 AD3d 787, 787 [2012]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Calabria*, 3 NY3d 80, 81-82 [2004]), we find that it was legally sufficient to establish that the defendant intended to cause James's death. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we are satisfied that the verdicts as to the murder and attempted murder counts were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant also failed to preserve for appellate review his contention that the People presented legally insufficient evidence that James suffered serious physical injury to support the defendant's conviction of assault in the first degree (*see* CPL 470.05 [2]; *People v Hubbs*, 121 AD3d 711, 712 [2014]). In any event, the contention is without merit (*see People v Rosa*, 112 AD3d 551, 551 [2013]; *People v Corbin*, 90 AD3d 478, 479 [2011]; *People v Graham*, 297 AD2d 579, 580 [2002]). Moreover, the verdict on that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's challenge to certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, to the extent that some of the comments were improper, they were harmless, since the evidence of the defendant's guilt was overwhelming and there was no significant probability that the errors contributed to the defendant's convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Wiley*, 119 AD3d 821 [2014]).

The defendant was not deprived of the effective assistance of counsel (*see People v Caban*, 5 NY3d 143 [2005]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Dillon, Miller and LaSalle, JJ., concur.