■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARDO SANTANA, Appellant. [44 NYS3d 915]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered August 8, 2013, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the defense of justification beyond a reasonable doubt (*see People v Bolling*, 7 NY3d 874 [2006]; *People v Stoney*, 72 AD3d 708 [2010]; *People v Barreto*, 70 AD3d 574 [2010]; *People v Spells*, 66 AD3d 924 [2009]; *People v O'Henry*, 13 AD3d 470 [2004]; *People v Suphal*, 7 AD3d 547 [2004]). The evidence was also legally sufficient to support the jury's finding that the complainant sustained a serious physical injury (*see* Penal Law § 10.00 [10]; *People v Kern*, 75 NY2d 638 [1990]; *People v Payne*, 115 AD3d 439 [2014]; *People v Rosa*, 112 AD3d 551 [2013]; *People v Meneses*, 195 AD2d 527 [1993]; *People v Blunt*, 176 AD2d 741 [1991]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to

view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Under the circumstances of this case, including the serious nature of the crime, the Supreme Court did not improvidently exercise its discretion in denying the defendant youthful offender treatment, and we decline to disturb that determination (*see* CPL 720.20 [1]; *People v Bae*, 137 AD3d 804 [2016]; *People v Almonte*, 122 AD3d 870 [2014]; *People v Williams*, 110 AD3d 746 [2013]; *People v Huffman*, 47 AD3d 646 [2008]; *People v Thompson*, 16 AD3d 603 [2005]; *People v Ortega*, 114 AD2d 912 [1985]). Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.