People v Jeffrey (2018 NY Slip Op 05692)





People v Jeffrey


2018 NY Slip Op 05692


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


1994-07732
 (Ind. No. 13493/92)

[*1]The People of the State of New York, respondent,
v
Eric Jeffrey, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Victor Barall, and Avshalom Yotam of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Edward K. Pincus, J.), rendered August 8, 1994, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On the evening of July 8, 1992, a group of four or five teenagers entered the courtyard of the Kingsborough Housing Project and opened fire in the direction of several teenagers, including Ambrose Roberts (hereinafter the victim), who were seated on a brick wall in the middle of the courtyard. The victim was shot in the forehead and killed. Another teenager, who was shot in the leg, reported to the police that the defendant and a codefendant were two of the shooters. The defendant and codefendant were charged and, following a jury trial at which the teenager who was shot in the leg testified, convicted of murder in the second degree and criminal possession of a weapon in the second degree. The defendant appeals.
Initially, the defendant's contention that the evidence was legally insufficient to support his conviction of murder in the second degree (see Penal Law § 125.25[1]) and criminal possession of a weapon in the second degree (see Penal Law § 265.03[1]) is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Williams, 124 AD3d 920, 921). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Calabria, 3 NY3d 80, 81-82), we find that it was legally sufficient to establish that the defendant shot a loaded firearm with the intent to cause the victim's death (see People v Williams, 124 AD3d at 921; People v Francois, 85 AD3d 813, 814; People v Jones, 309 AD2d 819, 820). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we are satisfied that the verdict as to both counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 645-646; People v Williams, 124 AD3d at 921).
The defendant's contentions that the Supreme Court committed reversible error by instructing the jury on the doctrine of transferred intent and by providing an inadequate recharge on intent and accessorial liability are unpreserved for appellate review (see CPL 470.05[2]; People v [*2]Hawkins, 11 NY3d at 495; People v Thomas, 139 AD3d 764, 765; People v Harris, 115 AD3d 761, 762). In any event, these contentions are without merit. Since the defendant was charged with violating Penal Law § 125.25(1), and that statute provides that a defendant is guilty of murder in the second degree when, with intent to cause the death of another person, he or she causes the death of such person or of a third person, an instruction on transferred intent was appropriate (see generally People v Wells, 7 NY3d 51, 56-57; People v Harris, 115 AD3d at 762). As for the recharge, while certain aspects were inartfully worded, "[v]iewing the problematic language in the broader context of the supplemental instruction and the jury charge as a whole, the court conveyed the proper legal standards" (People v Simmons, 15 NY3d 728, 728; see People v Cabassa, 79 NY2d 722, 731; People v Green, 50 NY2d 891, 891; People v Ainsley, 132 AD3d 1007, 1009; People v Torres, 46 AD3d 925, 925-926).
The defendant's challenges to certain remarks made by the prosecutor during summation are also unpreserved for appellate review (see CPL 470.05[2]). In any event, the challenged portions of the prosecutor's summation were fair comment on the evidence and the reasonable inferences to be drawn therefrom (see People v Rudenko, 151 AD3d 1084, 1085; People v Guzman, 138 AD3d 1140, 1140; People v Ramrattan, 126 AD3d 1013, 1014), were fair response to the defense summation (see People v Halm, 81 NY2d 819, 821; People v Johnson, 127 AD3d 1234, 1234), or do not otherwise require reversal (see People v Galloway, 54 NY2d 396, 399).
The defendant's challenges to the Supreme Court's ruling on alleged Batson issues (see Batson v Kentucky, 476 US 79) during jury selection are without merit (see Purkett v Elem, 514 US 765, 769; People v Smocum, 99 NY2d 418, 421-422; People v Payne, 88 NY2d 172, 182; People v Allen, 86 NY2d 101, 111; see also DeBerry v Portuondo, 403 F3d 57, 62 [2d Cir]).
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court