People v Wright (2023 NY Slip Op 00114)

People v Wright

2023 NY Slip Op 00114

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2019-10444
 (Ind. No. 897/18)

[*1]The People of the State of New York, respondent,
v
Ahkhazyah Wright, appellant.

Judah Maltz, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Cristin N. Connell of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Robert A. McDonald, J.), rendered August 14, 2019, convicting him of attempted murder in the second degree (three counts), assault in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to concurrent determinate terms of imprisonment of 10 years, to be followed by a period of postrelease supervision of 5 years, on each of the convictions of attempted murder in the second degree under count 1 of the indictment, attempted murder in the second degree under count 4 of the indictment, assault in the first degree (two counts), and criminal possession of a weapon in the second degree, to run consecutively to a determinate term of imprisonment of 10 years, to be followed by a period of postrelease supervision of 5 years, on the conviction of attempted murder in the second degree under count 2 of the indictment.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on each conviction from a determinate term of imprisonment of 10 years, to be followed by a period of postrelease supervision of 5 years, to a determinate term of imprisonment of 7½ years, to be followed by a period of postrelease supervision of 5 years; as so modified, the judgment is affirmed.
The defendant contends that the jury's verdict convicting him of attempted murder in the second degree (three counts), assault in the first degree (two counts), and criminal possession of a weapon in the second degree was against the weight of the evidence because the People failed to prove his identity as the perpetrator. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, which included the identification testimony of multiple witnesses, including one of the victims, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Cruz, 55 AD3d 848, 848).
The defendant's contention that the evidence was legally insufficient to establish the serious physical injury element of assault in the first degree in support of both convictions of that [*2]crime is unpreserved for appellate review (see People v Clarke, 170 AD3d 1191, 1192; People v Lopez, 155 AD3d 892, 893). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish that both of the victims sustained a serious physical injury within the meaning of Penal Law § 10.00(10) (see People v Garland, 155 AD3d 527, 528, affd 32 NY3d 1094; People v Graham, 297 AD2d 579, 580). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt on the counts of assault in the first degree was not against the weight of the evidence (see People v Clarke, 170 AD3d at 1193; People v Corbin, 90 AD3d 478, 479).
The sentences imposed were excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court