OPINION OF THE COURT
Wachtler, J.
The question in these cases is whether the court in charging the jury on intent unconstitutionally shifted the burden of proof from the prosecutor to the defendant. In each case the Appellate Division has upheld the conviction. The defendants appeal claiming that the Supreme Court’s recent decision in Sandstrom v Montana (442 US 510) requires reversal and a new trial.
In People v Marr, the defendant, Albert Marr, and two others, Melvin Holley and one "Velvet”, allegedly beat and robbed a 66-year-old man in a Bronx residential hotel in February, 1977. The defendant was indicted for robbery and burglary in the first degree and related offenses.
At the trial the complainant testified that about 4 o’clock in the morning the three men broke into his room and beat him while one of them took his wallet containing $6. The defendant admitted entering the complainant’s room and striking him but claimed that he was merely attempting to break up a fight. According to the defendant he and Velvet had gone to the hotel to visit Holley who resided there. Defendant stated that after Velvet had left Holley’s room to use the men’s room, he heard an argument in the public hallway and saw the complainant and Velvet fighting outside the complainant’s room. The defendant intervened as the fight continued into *462 the complainant’s room. In the process he struck both Velvet and the complainant, but only to break them apart and stop the fight. Thus he disclaimed any criminal intent and also denied taking the complainant’s property.
In charging the jury on intent the court stated: "[T]he law says that a person is presumed to intend that which he actually does.” At another point this was characterized as an "inference”, but "to sum up the whole concept” the court stated, "A person intends [the] natural and reasonable and probable consequences of his acts.” Defense counsel unsuccessfully objected to this portion of the charge. The defendant was convicted of burglary and robbery, both in the second degree (see Penal Law, §§ 140.25, 160.10).
On appeal the Appellate Division, First Department, modified by reducing the robbery conviction to robbery in the third degree (Penal Law, § 160.05) and otherwise affirmed. The defendant now claims that he is entitled to a new trial because the court’s charge on intent improperly shifted the burden of proof. Although this issue was not presented to the Appellate Division it is subject to review in this court (see CPL 470.35, subd 1).
In People v Getch, the defendant, Anthony Getch, in September of 1976, fled from the police after committing several traffic infractions while he was driving a stolen car in Brooklyn. During the course of a high speed chase, the vehicle driven by the defendant collided with the police car injuring one of the officers. The defendant then ran from the car and was arrested by the other officer after a brief struggle. He was charged with various crimes, including criminal possession of stolen property in the second degree and assault in the second degree. Both of these crimes require proof that the defendant acted intentionally (see Penal Law, §§ 165.45, 120.05, subd 3).
At the trial the arresting officer testified that the defendant smelled of alcohol, that his speech was slurred and, in the officer’s opinion, the defendant was intoxicated.[1] In summation defense counsel emphasized the proof of intoxication and asked the court to charge "on intoxication and how it negates the intent to commit crimes.” The court granted this request. The court later gave a very comprehensive charge on intent, during which it made the following remarks despite defen *463 dant’s objection: "Upon the question of intent, you may infer that a person intends that which is the natural and necessary and probable consequences of the act done by him. And unless the act was done under circumstances to preclude existence of such intent, you have a right to find from the results produced an intention to effect it.”
The defendant was convicted on the possession and assault charges and was also found guilty of unauthorized use of a vehicle. On appeal he argued that the court’s instructions on intent improperly shifted the burden of proof to him on that particular element. The Appellate Division, Second Department, affirmed. The court noted that it would have been better if the trial court had not charged the first part of the second sentence but, nevertheless, concluded that the charge, read as a whole, made "it abundantly clear that the burden of proof was not shifted to defendant but was borne by the prosecution, requiring proof beyond a reasonable doubt as to every element of each crime charged.” On appeal to our court the defendant urges the charge was erroneous and that the convictions on the two counts involving intent should be reversed and a new trial ordered.
After the Appellate Divisions had ruled on these cases, the Supreme Court held in Sandstrom v Montana (442 US 510, 515) that it was unconstitutional for the court to instruct the jury that " '[t]he law presumes that a person intends the ordinary consequences of his voluntary acts’ ”, in a case where intent was an element of the crime charged. It was emphasized, however, that in that case the instruction had been given without qualification. The members of the jury "were not told that they had a choice, or that they might infer that conclusion; they were told only that the law presumed it” (Sandstrom v Montana, supra, at p 515). Under those circumstances, it was noted, the jury could reasonably interpret the instruction as (1) a conclusive presumption, i.e., "an irrebuttable direction by the court to find intent once convinced of the facts triggering the presumption” or (2) a burden shifting presumption, i.e., "a direction to find intent upon proof of the defendant’s voluntary actions (and their 'ordinary’ consequences), unless the defendant proved the contrary by some quantum of proof which may well have been considerably greater than 'some’ evidence — thus effectively shifting the burden of persuasion on the element of intent” (Sandstrom v Montana, supra, at p 517). The court concluded that either *464 interpretation would deprive the defendant of his right to due process, which requires the prosecutor to prove every element of the crime charged beyond a reasonable doubt. It was observed, however, in the concurring opinion, that "if this charge had, in the words of the Court, 'merely described a permissive inference,’ ante, at p 514, it could not conceivably have run afoul of the constitutional decisions cited by the Court in its opinion” (Sandstrom v Montana, supra, at p 527).
There is no contention in these cases that Sandstrom is inapplicable to trials concluded prior to the date it was decided. We note, however, that the Supreme Court gives retroactive effect to its decisions where "the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function” (Ivan V. v City of New York, 407 US 203, 204). This category has been held to include rulings which relieve the State of the burden of proving guilt beyond a reasonable doubt (Ivan V. v City of New York, supra) or shift the burden of proof to the defendant (Hankerson v North Carolina, 432 US 233; see, also, People v Patterson, 39 NY2d 288, 296). Thus the Sandstrom holding will be applied to all cases still in the appellate process.[2] Measured against that standard we conclude there should be a reversal in the Marr case and an affirmance in the Getch case.
In the Marr case the court’s instructions on intent followed, almost verbatim, the terms of the Sandstrom charge. More important, the court never explained or qualified the statements by informing the jury that the presumption or "inference” was permissive and that it was for them to decide whether the conclusion should be drawn after considering all of the circumstances. The prosecutor notes that elsewhere in the charge and supplementary instructions the court informed the jury that the burden of proof was on the State to prove every element, including intent, beyond a reasonable doubt. But as the court observed in Sandstrom (at p 518, n 7) these general instructions cannot be deemed sufficient to keep the burden where it belongs when the presumption has been charged because the jury may interpret the two sets of instructions as indicating that the presumption is the means by which the State meets its burden of proving intent beyond a reasonable doubt.
*465 In the alternative the prosecutor urges that if the court erred, the error was harmless. The defendant, on the other hand, argues that the harmless error rule is not applicable to this type of defect. This question was left unanswered in Sandstrom v Montana (supra, at pp 525-527). We also find it unnecessary to resolve that issue here. For the purposes of this case it is sufficient to note that the erroneous charge on intent could not be said to be harmless in view of the fact that the defendant’s intent in entering the complainant’s apartment and participating in the incident was the vital issue at trial which, on the conflicting testimony posed an open credibility question. Thus the conviction must be set aside and a new trial ordered.
In the Getch case the defendant claims that the use of the "natural consequences” charge and the phrase "unless the act was done under circumstances to preclude existence of such intent” effectively shifted the burden of proof to him on the element of intent. The court, however, did not err in informing the jury that they "may infer that a person intends that which is the natural and necessary and probable consequences of the act done by him.” He did not say that they had to draw the conclusion or that "the law presumes” it. He said only that they may do so, and had a "right to”, and left it up to them. There is nothing in the Sandstrom case to indicate that this is no longer a permissible inference or that it would be error for the court to draw this possibility to the jury’s attention (see Sandstrom v Montana, supra, at p 519, n 9, and at p 527). In addition we note that immediately before and after mentioning the inference, the court emphasized to the jury that it should consider all the evidence, all the testimony and all the circumstances surrounding the incident "to determine if there was intent”. Thus it cannot be said that the jury was left with the impression that they should or could infer intent solely from the doing of a particular act (compare United States v Robinson, 545 F2d 301, 305).
Nor do we agree with the defendant that the court’s use of the "unless” clause could have lead the jury to believe in this case that the defendant had the burden of proving lack of intent. In order to reach that conclusion they would have to make a fairly obvious misinterpretation of the court’s re *466 mark.[3] More to the point, they would also have to ignore the court’s express and contemporaneous explanation to the contrary in which the court stated "The burden is on the People to prove the intent of the defendant, beyond a reasonable doubt. If you find, from the evidence, that the defendant did not have a conscious objective to bring about the violation of law, you must find the defendant not guilty of this crime.”
In light of the Sandstrom holding the courts in future cases, should, and no doubt will, avoid the use of phrases which could be construed or even misconstrued as shifting any part of the burden to the defendant. In our view, however, the Sandstrom case does not call for a pinpoint analysis of every charge, nor does it identify as fatally flawed all charges in which a phrase taken out of context is susceptible to a misconstruction implying that the defendant had the burden of disproving intent when this would be completely inconsistent with the court’s explicit and timely instruction on this precise issue.
Accordingly, in the Marr case the order of the Appellate Division should be reversed and a new trial granted and in the Getch case the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur.
In People v Getch: Order affirmed.
In People v Marr: Order reversed and a new trial ordered.

. The defendant was also charged with driving while intoxicated but the jury found him not guilty on that count.

. We also note that the Sandstrom decision did not change the law in this State (see People v Thomas, 50 NY2d 467, decided herewith).

. The court’s point, of course, was that the inference could not be drawn against the defendant if the facts precluded it.