■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALKER, Appellant.—Appeal from judgment rendered February 22, 1979, Supreme Court, Bronx County, convicting defendant, after a jury trial, of manslaughter in the first degree and sentencing him to an indeterminate sentence of 7 to 21 years, held in abeyance pending further *Huntley* hearing to determine whether defendant was represented by counsel when he made an inculpatory statement. Defendant appeals from a judgment, after a jury trial, convicting him of manslaughter in the first degree and sentencing him to an indeterminate sentence of 7 to 21 years. Two issues are presented. The first concerns the admissibility of a statement that he made to investigating police officers at Bronx State Hospital. In *People v Samuels* (49 NY2d 218), the Court of Appeals held that a defendant may not waive his rights in the absence of counsel after a felony complaint has been filed in court. (See, also, *People v Settles,* 46 NY2d 154, 165; *People v Blake,* 35 NY2d 331, 339-340.) The question is whether counsel was present, within the meaning of these cases, when the defendant, following the filing of a felony complaint, gave to the police the statement whose admissibility is challenged. These are the circumstances. Defendant was in a highly agitated state when police officers took him into custody. They appropriately brought him to Jacobi Hospital and he was thereafter transferred to Bronx State Hospital. A felony court complaint was filed on May 16, and an arrest warrant issued the same date. The police went to Bronx State Hospital where the defendant was questioned after *Miranda* warnings were given. Present were two attorneys employed by the Mental Health Information Service (MHIS). One of these informed the defendant of his rights, and as developed in the testimony of a police officer at the *Huntley* hearing: "He told him that they would not be able to represent him, they would be able to see that everything was done constitutionally right there, but they could not represent him in court, and they asked him, did he understand that. He said, 'Yes.' They told him that if he didn't have a lawyer, he would be able to get a lawyer, a lawyer would be appointed for him, and they asked him, did he understand that. He said, 'Yes.' After that, I gave him his rights." The statement thereafter made by the defendant, although in part exculpatory, appears to have been the only evidence at trial linking him with the crime for which he was convicted. Although the Court of Appeals in *People v Samuels (supra),* phrased the issue in terms of the absence of counsel, and comparable language was used previously in *People v Settles (supra),* we think it clear that the court intended to proscribe statements by a defendant after the commencement of a criminal action in the absence of counsel who in fact represented him. As the court noted in *Settles* (pp 163-164): "This is precisely the juncture at which legal advice is crucial". The record is unclear as to whether the attorneys employed by MHIS in fact represented the defendant. This lack of clarity is understandable since the *Huntley* hearing was addressed, not to the question of counsel's presence, but to the separate issue of defendant's mental capacity to waive his rights. Accordingly, the issue now presented was not fully developed. From the sketchy information noted above, the impression is conveyed that the MHIS lawyers viewed their role as observers concerned that the defendant understood his rights, not as lawyers representing him in the accepted meaning of the term. A further hearing addressed to this issue is required. The second issue presented concerns the trial court's charge on intent in which he said in pertinent part: "Upon the question of intent, you may infer that a person

intends that which is the natural and necessary consequences of the act done by him, and *unless the act was done under circumstances to preclude the existence of such intent,* you have a right to find from the results produced an intention to effect it." (Emphasis added.) *People v Getch* (50 NY2d 456) is dispositive on this question. The Court of Appeals concluded (p 465) in a case involving identical language that it did not agree that the court's use of the "unless" clause "could have led the jury to believe in this case that the defendant had the burden of proving a lack of intent." The court went on (p 466), however, to observe that Judges "in future cases, should, and no doubt will, avoid the use of phrases which could be construed or even misconstrued as shifting any part of the burden to the defendant." Concur—Sandler, J. P., Sullivan, Silverman and Carro, JJ.