■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT IACOVELLI, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Richmond County, imposed January 16, 1980, upon his adjudication as a youthful offender, after his plea of guilty, the sentence being an indeterminate prison term with a maximum of four years. Sentence reversed, on the law, and matter remanded to the Supreme Court, Richmond County, for resentencing. As the People concede, the probation report inaccurately reported defendant's prior legal history. It cannot be stated that this misinformation did not affect the sentencing court's judgment as to what sentence to impose. Accordingly, an accurate probation report must be prepared before a proper sentence may be imposed. Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE MALDONADO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 24, 1977, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. (See *People v Getch,* 50 NY2d 456; see, also, *People v Thomas,* 50 NY2d 467.) Gibbons, J. P., Gulotta, Margett and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES F. MEYERS, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered May 18, 1979, convicting him of grand larceny in the second degree, upon a jury verdict, and sentencing him to a definite term of imprisonment of six months. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to probation for a period of five years. As so modified, judgment affirmed and case remitted to the County Court, Suffolk County, to fix the conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated. Damiani, J. P., Lazer, Mangano and Cohalan, JJ., concur.