OPINION OF THE COURT
Burton G. Hecht, J.
This court has decided to render a formal written opinion on this motion to suppress which was submitted by defense counsel. The issue presented in defense counsel’s moving papers appears to be one of first impression in New York.
FINDINGS OF FACT
The defendant, Michael Walker, was convicted, after a jury trial, of manslaughter in the first degree on January 23,1979. Subsequently, the defendant was sentenced to an indeterminate term of imprisonment of 7 to 21 years.
The People’s entire direct case at the first trial consisted of the defendant’s statement made to a police officer, and the testimony of a medical examiner.
The defendant took the stand and testified on his own behalf.
On appeal, the Appellate Division, First Department, remanded this matter to the trial court for a hearing to *981 determine if the defendant’s right to counsel had been violated pursuant to People v Samuels (49 NY2d 218, which was decided subsequent to the defendant’s conviction). The defendant’s appeal was held in abeyance pending the outcome of the hearing.
On remand, the trial court determined that “the credible evidence established that the defendant was not represented by counsel (at the time he made his statement to the police) *** and that the People completely failed to sustain their burden of proof beyond a reasonable doubt” (Supreme pt, Bronx County, Sept. 2,1980, McMahon, J.).
When this case was forwarded back to the Appellate Division, the People made a concession that the statement taken by the police from the defendant (which had been introduced by the People at the first trial) should be suppressed pursuant to the Samuels decision.
The Appellate Division suppressed the defendant’s statement, reversed the conviction, and remanded the case back to Supreme Court, Bronx County, for a new trial.
The People have now indicated their intention to introduce at the new trial as part of the People’s case, defendant’s testimony at the first trial.
Defense counsel moves, pursuant to the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and CPL article 710, to suppress the introduction of the defendant’s testimony from his first trial at the retrial of this matter. The People have opposed this motion.
CONCLUSIONS OF LAW
Evidently, the watershed case in this area of law is the case of Harrison v United States (392 US 219). Interestingly enough, however, extensive research by this court, and by both attorneys on this matter, has failed to turn up any subsequent Supreme Court decisions or any New York cases which would shed any light on the actual application of the Harrison rule. A check of other jurisdictions also reveals a dearth of cases on this subject matter.
In Harrison, the prosecution had introduced three confessions allegedly made by the defendant while in police custody. In substance, the confessions by the defendant *982 were that he and two other persons had gone, with a shotgun, to the victim’s home intending to rob him and that victim was killed when he resisted the .trio’s entry into his home.
At trial, the defendant took the witness stand on his own behalf and stated that he and his two companions had gone to the victim’s home intending to pawn the shotgun, and that the victim was accidently killed when the gun was given to the victim for inspection.
The Court of Appeals reversed the defendant’s conviction, holding that the petitioner’s confessions had been illegally obtained and thus inadmissible (Harrison v United States, 359 F2d 214, on reh 359 F2d 223).
On remand, at the new trial, the prosecution introduced the testimony of the defendant from the prior trial on the People’s case. The defendant was again convicted of the felony murder charge and this time the Court of Appeals affirmed the conviction (387 F2d 203). The United States Supreme Court then granted certiorari (389 US 969).
In a decision written by Justice Stewart, the Supreme Court held that the defendant’s trial testimony was the inadmissible fruit of the illegally procured confessions and this was inadmissible at the subsequent trial. The conviction was reversed.
In its opinion, the court reaffirmed the general rule that normally a defendant’s testimony at a former trial is admissible in any later proceeding. A defendant’s decision to testify at trial constitutes a waiver of his privilege against self incrimination.
However, the Supreme Court ruled that in this instance, Harrison testified only after the government had illegally introduced into evidence three confessions, which had been wrongfully obtained. The prohibition of “the use of [these] confessions so procured also prohibits the use of any testimony impelled thereby — the fruit of the poisonous tree”. (See Harrison v United States, 392 US 219, 222, supra; Wong Sun v United States, 371 US 471; Silverthorne Lbr. Co. v United States, 251 US 385.)
The standard for the trial court to examine is “why” the defendant took the stand at the first trial. If the reason for *983 taking the stand is to overcome the impact of confessions by him which are later held to be illegally obtained and thus, improperly introduced, then the defendant’s, testimony at the first trial is similarly tainted and inadmissible at a subsequent trial (see People v Spencer, 66 Cal 2d 158).
The Supreme Court clearly stated (392 US 219, 224, supra) that the burden of proof is on the prosecution, in these matters, to show that the defendant’s trial testimony was not in fact impelled by the “prosecution’s wrongful use of his illegally obtained confessions”. In other words, the government must show that its illegal action did not induce the defendant to testify.
In the motion before me, the People were offered the opportunity for a hearing to determine the defendant’s reason for testifying at the prior trial. However, the People declined this offer and instead preferred that this matter be decided by the submission of memoranda by both sides and oral argument.
This court has examined the legal memoranda by both counsel, the trial minutes, hearing minutes, and the court file on this case.
The People’s entire direct case at the first trial consisted of the introduction of Michael Walker’s “statement” through Detective Karl Daniel, and the testimony of Medical Examiner Natarajan.*
In substance, the defendant, Michael Walker, stated that he had known the deceased, Ruppert Stevenson, by another name, Dave Scott. Michael Walker told the detective that he had owed the deceased (Scott) money and that Scott had come to the “smokehouse” (an apartment where marihuana is sold) to collect the debt. The defendant told Scott that there was some money in a room off the kitchen. As the defendant turned, he heard a click and saw Dave Scott with a gun (the gun had been on top of a refrigerator). As Scott pointed the gun at the defendant, the defendant lunged at the gun and a scuffle ensued. As the fight continued, at some point, the gun went off. Scott fell into a closet and the defendant fell on top of him. Scott did not *984 move and the defendant stated that he was afraid to go out the front door. So instead, he went out through a window, taking the gun with him. The defendant stated that later he disposed of the gun.
The defendant took the stand at the first trial and testified essentially to the same facts which were in the statement given by him to the police officer. Defense counsel asked for and received a charge of self-defense, justification. This affirmative defense was the main argument by the defendant at trial.
The People claim in their memorandum of law that the defendant’s statement and his testimony at trial were exculpatory statements by the defendant to set forth an affirmative defense of justification. Thus, the prosecutor argues that this is different from the Harrison case, because there the statements by the defendant were inculpatory.
The People contend that Michael Walker took the stand not to overcome the impact of the confession introduced against him as in Harrison, but instead, to set forth an exculpatory statement, i.e., an affirmative defense of justification. Therefore, the prosecution argues that the defendant did not take the stand to rebut his pretrial statement but rather sought to gain from it.
An examination of the defendant’s pretrial statement, though, shows that the People’s contention that the statement was exculpatory is specious. There was no other evidence introduced by the People at the first trial which could: (1) place the defendant at the scene of the crime, (2) provide a motive for the defendant for the crime, and (3) connect the gun with the defendant other than defendant’s own pretrial statement. All other evidence in the trial which was introduced by the People was strictly for corroboration or impeachment purposes. The fact that the statement may have also raised a possible defense of justification is incidental. The statement itself was inculpatory and was referred to as such by the Appellate Division (see 76 AD2d 819; 78 AD2d 623), the trial court at the posttrial Huntley hearing (see Supreme Ct, Bronx County, Sept. 2, 1980, McMahon, J.), and by the People themselves at the *985 posttrial Huntley hearing. The People’s argument that this is an exculpatory statement is without merit.
Without this statement the prosecutor clearly could not have proven its case against the defendant. Without the statement there would have been no need for the defendant to take the stand, since the People could not have survived a trial order of dismissal after the People’s case (CPL 290.10). Faced with the introduction of the statement, the defendant had no alternative except to take the stand in the hope that he could lessen the damaging effects of the statement.
Therefore, it has not been proven by the People, under the “Harrison standard” that the defendant’s testimony was obtained “by means sufficiently distinguishable” from the underlying illegality to be purged of the taint (Harrison v United States, 392 US 219, 226, supra; Wong Sun v United States, 371 US 471, supra; see, also, Smith v Estelle, 527 F2d 430; United States ex rel. Williams v Twomey, 467 F2d 1248; State v Clark,_Minn_, 296 NW2d 372).
The motion to suppress the use of the defendant’s testimony from the prior trial, at any retrial, is granted.
(The additional motions for an inspection of the Grand Jury minutes and a dismissal of the indictment and a dismissal of this indictment, in the interests of justice, have been withdrawn by defense counsel.)

 Rebuttal witnesses were also called by the People but this evidence is not relevant to the motion before this court.