■ SALLY A. CARUSO, Appellant, v RONALD J. CARUSO, Respondent.—Order affirmed without costs and matter remitted to Supreme Court, Chautauqua County, for further proceedings, in accordance with memorandum. All concur, Callahan, J., not participating. Memorandum: We remit the matter to the trial court to determine plaintiff's petition to modify the judgment of divorce by awarding her sole custody of the parties' two children. The trial court did not address this issue. (Appeal from order of Supreme Court, Chautauqua County, Hartley, J.—visitation.) Present—Dillon, P. J., Callahan, Pine, Lawton and Davis, JJ.

■ MARY A. FRIEDERICH, Respondent, v JOHN S. SAVAGE, Appellant.—Judgment affirmed with costs, and matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with memorandum. All concur, Callahan, J., not participating. Memorandum: There is no merit to any of the issues raised by defendant on appeal and thus there must be an affirmance. The parties acknowledge, however, that after entry of judgment herein, the marital residence was sold and the proceeds held in an escrow account pursuant to agreement. The matter is remitted to Supreme Court for distribution of the escrow funds. In that regard, we note that the trial court correctly determined that the original value of the marital residence ($55,000), purchased by the parties as joint tenants prior to their marriage, is separate property. Thus the sum of $55,000 is to be divided equally between the parties and the remainder is to be distributed in accordance with the formula established in the judgment. (Appeal from judgment of Supreme Court, Monroe County, Purple, J.—divorce.) Present—Dillon, P. J., Callahan, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JOSEPH HOP-WAH, Appellant.—Judgment unanimously

modified on the law and as modified affirmed, in accordance with the following memorandum: The People concede that the trial court erred by refusing to charge the lesser included offense of attempted assault in the second degree with respect to the charges contained in the first two counts of the indictment. We agree and, accordingly, modify the judgment to reverse the convictions on those two counts, vacate the sentences imposed thereon, and grant a new trial on those counts.

We affirm defendant's conviction on the third count of the indictment. On appeal, defendant raises no claim that the court should have charged any lesser included offense as to this count, and any such claim would lack merit. Defendant's contentions that the court erred in its instruction to the jury as to intent and that the District Attorney erred by failing to instruct the Grand Jury on the defense of justification also lack merit *(see, People v Getch,* 50 NY2d 456; *People v Calbud, Inc.,* 49 NY2d 389). The remaining issue was not preserved for our review. (Appeal from judgment of Wyoming County Court, Newman, J.—assault, second degree.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.