■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR C. AUSTIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered July 30, 1987, convicting him of conspiracy in the second degree and criminal solicitation in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In January 1987, the defendant was indicted with codefendants Robin Spadaccia, James Gatling, and Kevin Griffen, on charges of conspiracy to murder Robin Spadaccia's husband. The three codefendants subsequently pleaded guilty to the charges.

At the trial, prosecution witness Michael Smalec, who had been granted immunity for his role in the conspiracy, testified that while at Robin Spadaccia's home, he called the defendant and asked him to "contact the guys from Queens" to have "someone * * * taken care of". Over the defense counsel's objection, Smalec was permitted to explain what he meant by "taken care of", and, while responding to the question, he stated that on a prior occasion he had asked the defendant to

have someone "taken care of * * * break his legs or something". Smalec also explained, without objection and in response to the court's inquiry, that the "guys from Queens", were the people that were "going to break the guy's legs". Contrary to the defendant's contention, we find that this testimony was properly admitted into evidence, as it was inextricably interwoven with Smalec's telephone conversation with the defendant, and was explanatory both of the words used during the conversation, as well as the act of placing the telephone call to the defendant (see, People v Ely, 68 NY2d 520, 529; People v Ventimiglia, 52 NY2d 350, 361; People v Vails, 43 NY2d 364, 368). Moreover, the probative value of the subject testimony outweighed any prejudicial impact it may have had upon the defendant.

The defendant further contends that he was deprived of a fair trial because of the admission of hearsay or bolstering testimony to advance the prosecution's theory that he understood that the goal of the conspiracy was murder. However, since the defendant failed to raise specific objections to most of the challenged testimony, his claims of error with respect thereto are largely unpreserved for appellate review (see, CPL 470.05 [2]; People v Balls, 69 NY2d 641; People v Nuccie, 57 NY2d 818). We note that, in any event, most of the statements challenged on appeal did not constitute inadmissible hearsay, and did not exceed the permissible bounds of trial advocacy. Moreover, although the prosecutor improperly elicited testimony from a witness that his prior statement to an Assistant District Attorney had been truthful, this error was harmless in view of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230; People v Sanders, 56 NY2d 51; People v Salko, 47 NY2d 230).

We further reject the defendant's claim that the court's charge to the jury on intent was improper. The language used in the court's charge created a permissible inference, and thus did not shift the burden of proof to the defendant on the element of intent (see, People v Getch, 50 NY2d 456).

We find that the defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Miller and O'Brien, JJ., concur.