■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ORTIZ, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered May 25, 1990, convicting defendant after a jury trial, of murder in the second degree, and sentenced him as a persistent violent felony offender to a term of imprisonment of from 25 years to life, unanimously affirmed.

Defendant was convicted for the stabbing death of his estranged common law wife at her apartment, during a heated argument. The argument, immediately preceding the assault, although not the stabbing itself, was observed by the wife's female house guest. Defendant admitted shortly thereafter to other witnesses that he had killed his wife, as he asked them to summon an ambulance.

The only issue raised on appeal is defendant's challenge to the Court's instruction on intent. Defendant's contention that the Court's instruction converted a permissive inference, that a person intends the natural and probable consequences of his act, into a mandatory inference, is without merit. *(See, Sandstrom v Montana,* 442 US 510; *People v Getch,* 50 NY2d 456.)

The charge as a whole made clear that it is the jury's role to determine intent, and that the burden of proof was upon the People. Further, the Court properly instructed the jury that in determining intent, it should look at "all the facts and circumstances" of the event. Nor, under the circumstances of this case, do we find infirmity with the instruction that intent "is the secret and silent operation of one's mind. It's only visible physical manifestation is the deed accomplished; what did he do." Contrary to defendant's position on appeal, this phrasing does not direct the jury to a verdict on the basis that defendant's intent must be inferred from the act itself. The Court's charge as a whole instructed the jury on the appropriate principles of law. *(People v Coleman,* 70 NY2d 817, 819.) Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Kassal, JJ.