THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD BUGLIONE, Appellant. [782 NYS2d 452]—

Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered May 13, 2003, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1¹/₃ to 4 years, unanimously affirmed.

Defendant's contention that the court should have conducted further inquiry and ordered a new presentence report before imposing sentence is unpreserved, and we decline to review it in the interest of justice. Were we to review this claim, we would find that since the court had warned defendant that if he violated the terms of his plea agreement he was subject to a possible sentence of 8¹/₃ to 25 years, and since defendant does not dispute the court's findings that he violated the agreement by failing to complete a drug aftercare program, by failing to make a court appearance, and by being arrested and convicted of a new crime, the court was justified in imposing a prison sentence of 1¹/₃ to 4 years (*see People v Figgins*, 87 NY2d 840 [1995]). Under these circumstances, there was no need to inquire into the circumstances of a prison disciplinary charge that was mentioned at sentencing, or to order a new presentence report.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Saxe, Williams, Marlow and Sweeny, JJ.