■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ORTIZ, Also Known as CARLOS REYES, Appellant. [836 NYS2d 73]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered November 30, 2004, convicting defendant, after a jury trial, of robbery in the first degree, assault in the first degree, reckless endangerment in the first degree and three counts of perjury in the first degree, and sentencing him, as a persistent felony offender, to an aggregate term of 65 years to life, unanimously modified, on the law, to the extent of reducing the convictions of first-degree perjury under counts six and seven of the indictment to third-degree perjury, and reducing the sentences on those convictions to terms of one year, concurrent with the remaining sentences, and otherwise affirmed.

Defendant's claims that the evidence was insufficient to establish his identity as the perpetrator and the element of intent to cause serious physical injury are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the verdict was based upon legally sufficient evidence. We further find that the verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). There was compelling evidence, including eyewitness testimony and fingerprint evidence, that established defendant's identity as the perpetrator. The evidence also supported the conclusion that he intended to cause serious physical injury to the victim, which was the natural consequence of his conduct (*see People v Getch*, 50 NY2d 456, 465 [1980]). After stealing the victim's cab, defendant drove it while the victim was hanging onto its outside. Defendant drove the cab into a bus shelter, a fence and a tree, and the evidence demonstrates that he did so in an attempt to dislodge the victim from the cab. That defendant may also have intended to evade his pursuers does not negate a finding that he intended to cause serious physical injury to the victim in an effort to escape (*see People v Greiner*, 156 AD2d 813, 816 [1989], *lv denied* 75 NY2d 919 [1990]).

Since defendant did not contest his identity as the person who was arrested in this case when he testified before the grand jury, his false testimony about his name and apartment number were not material to the grand jury's investigation. Therefore, the evidence was insufficient to establish first-degree perjury under counts six and seven of the indictment (*see* Penal Law

§ 210.15; *compare People v Davis*, 53 NY2d 164, 170-172 [1981]). Accordingly, we reduce the convictions under those counts to third-degree perjury, which does not contain an element of materiality (Penal Law § 210.05).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent felony offender is without merit (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* 546 US 984 [2005]; *People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]).

The court properly exercised its discretion in adjudicating defendant a persistent felony offender. We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Sullivan, Sweeny, Malone and Kavanagh, JJ.