■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHALIYQ SELLERS, Appellant. [873 NYS2d 600]—

Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered January 30, 2007, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of eight years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Defendant's intent to cause, at the very least, serious physical injury could be readily inferred from his act of firing a shotgun at the victim from a distance of four feet (*see People v Getch*, 50 NY2d 456, 465 [1980]). The evidence also disproved defendant's justification defense beyond a reasonable doubt.

Defendant did not preserve his argument that the court should have placed annotations on the verdict sheet differentiating between the two counts of first-degree assault, or his challenges to the court's main and supplemental jury instructions, and we decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal. Defendant also claims that by failing to raise these issues, as well as an issue regarding the prosecutor's alleged interruptions of defendant's grand jury testimony, his attorney rendered ineffective assistance. However, to the extent the present record permits review, we conclude that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Even if counsel should have made all the arguments at issue, his failure to do so did not cause defendant any prejudice (*see People v Caban*, 5 NY3d 143,

155-156 [2005]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *compare People v Turner*, 5 NY3d 476 [2005]). Concur—Andrias, J.P., Sweeny, McGuire and DeGrasse, JJ.