Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered November 15, 2007, convicting defendant, after a jury trial, of manslaughter in the first degree and attempted assault in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 20 years and 2 to 4 years, respectively, unanimously modified, on the law, to the extent of vacating the second felony offender adjudication and remanding for resentencing, including the filing by the People of a proper predicate felony statement, and otherwise affirmed.
We reject defendant’s challenges to the sufficiency and weight of the evidence supporting his attempted assault conviction (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supports the inference that when defendant and the codefendants opened fire on the homicide victim and his companions in a small enclosed space, defendant intended to shoot all of them (see People v Getch, 50 NY2d 456, 465 [1980]).
Defendant’s arguments concerning the content of the court’s missing witness charge are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The charge conveyed the proper standards and its content was appropriate to the case. In any event, any error in the language employed was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Since the People failed to file a predicate felony statement, defendant was improperly adjudicated a second felony offender, and he is entitled to a remand for a proper adjudication and sentence. Since the defective second felony offender adjudication may have affected defendant’s sentence on both the manslaughter and attempted assault convictions, we remand for a plenary resentencing. Concur—Tom, J.P., Andrias, Nardelli, DeGrasse and Freedman, JJ.