■ In the Matter of MAXIMILIAN Y., a Person Alleged to be a Juvenile Delinquent, Appellant. [921 NYS2d 48]—

Order of disposition, Family Court, New York County (Susan R. Larabee, J.), entered on or about April 17, 2009, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed an act that, if committed by an adult, would constitute the crime of attempted assault in the third degree, and placed him on probation for a period of two years, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The victim's injuries, along with the surrounding circumstances, indicated that appellant angrily pushed the victim into a wall with a high degree of force. This evidence was inconsistent with an accidental bump or push, and it supports the inference that appellant intended to cause physical injury to the victim, which was the natural consequence of his act (*see People v Getch*, 50 NY2d 456, 465 [1980]). Since the court only found an attempted assault, the finding did not require proof that the victim actually sustained physical injury. In any event, there was ample evidence that the victim's face was severely bruised.

Appellant's challenges to the petition are without merit. There was no need for the petition to allege serious physical injury, since it only charged appellant with committing an act that would constitute third-degree assault. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.