People v Pugh (2019 NY Slip Op 08154)





People v Pugh


2019 NY Slip Op 08154


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


10291 2161/14

[*1] The People of the State of New York, Respondent,
v
Jamie Pugh, Defendant-Appellant.


Christina Swarns, Office of the Appellate Defender, New York (Emma L. Shreefter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.



Judgment, Supreme Court, New York County (Ann M. Donnelly, J.), rendered November 4, 2015, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant's homicidal intent could be reasonably inferred from his conduct (see generally People v Getch, 50 NY2d 456, 465 [1980]).
The court providently exercised its discretion in permitting the People to introduce evidence that, within a period of approximately 20 minutes before the charged fatal attack, defendant committed three separate uncharged assaults against victims, who, like the homicide victim, were strangers attacked apparently at random. The uncharged assaults were part of the narrative of defendant's state of mind at the critical moment, and their admission provided a fuller and fairer basis for the jury to make a determination (see People v Till, 87 NY2d 835, 837 [1995]). Under all the circumstances, the prejudicial impact of the evidence did not outweigh its probative force.
Defendant did not preserve his challenges to the court's jury instructions regarding intent, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The court's charge, which was materially indistinguishable from the Criminal Jury Instructions, made it clear that the jury was permitted, but not required, to presume homicidal intent if it found that death was a natural and probable consequence of defendant's conduct toward the victim.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK