People v Reyes (2020 NY Slip Op 07296)





People v Reyes


2020 NY Slip Op 07296


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Friedman, J.P., Kapnick, Gische, Kern, Shulman, JJ. 


Ind No. 2301/14 2301/14 Appeal No. 12548 Case No. 2019-5657 

[*1]The People of the State of New York, Respondent,
v
Eric Reyes, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Julia L. Chariott of counsel), for respondent.



Judgment, Supreme Court, Bronx County (April A. Newbauer, J.), rendered October 21, 2016, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of seven years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including those relating to the victim's description of his medical condition over the period from the incident to the time of the trial.
The element of serious physical injury was established by evidence that the victim [*2]sustained a blowout fracture of his orbital lobe. This caused his right eye to swell shut, requiring corrective surgery, and leaving the victim with protracted impairment, which was ongoing at the time of the trial (see People v Joco, 83 AD3d 608 [1st Dept 2009]). The jury could have reasonably concluded, from all the evidence presented, that the victim's surgery was unsuccessful in preventing long term vision problems, and that those problems were caused by, and were a foreseeable result of, the attack (see People v DaCosta, 6 NY3d 181, 184 [2006]).
Defendant's intent to cause serious physical injury was readily inferable from his conduct (see generally People v Getch, 50 NY2d 456, 465 [1980]), which included punching the victim in the face and kicking him in the head.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020