People v Diaz (2022 NY Slip Op 01100)





People v Diaz


2022 NY Slip Op 01100


Decided on February 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 17, 2022

Before: Manzanet-Daniels, J.P., Gische, Mazzarelli, Friedman, Mendez, JJ. 


Ind No. 396/13 Appeal No. 15323 Case No. 2017-142 

[*1]The People of the State of New York, Respondent,
v
Carlos Diaz, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Svetlana M. Kornfeind of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Karen Schlossberg of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered January 14, 2016, convicting defendant, after a jury trial, of attempted murder in the first degree, attempted murder in the second degree (two counts), assault in the first degree (two counts), attempted assault in the first degree (two counts), and attempted arson in the second degree, and sentencing him to an aggregate term of 35 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The jury's finding that defendant intended to commit murder and arson was supported by a reasonable inference that he intended the natural consequences of his acts (see generally People v Getch, 50 NY2d 456, 465 [1980]), as well as his threats to the victims. The jury could have reasonably discredited the portions of defendant's statements in which he claimed to have had intentions other than murder and arson.
The record establishes that defendant was mentally competent to stand trial. We find no basis for disturbing the court's evaluation of the conflicting medical testimony at the competency hearing (see People v Pena, 33 AD3d 374 [1st Dept 2006], lv denied 8 NY3d 848 [2007]). The People's expert had ample grounds, including tests she conducted and recorded phone calls made by defendant while in custody, for finding that defendant was feigning psychiatric symptoms.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2022