People v Sidbury (2022 NY Slip Op 03578)

People v Sidbury

2022 NY Slip Op 03578

Decided on June 02, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 02, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Higgitt, JJ. 

Ind. No. 1620/14 Appeal No. 16068 Case No. 2019-997 

[*1]The People of the State of New York, Respondent,
v
Steven Sidbury, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Lori Ann Farrington of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered October 15, 2018, convicting defendant, after a jury trial, of arson in the second degree, and sentencing him, as a second violent felony offender, to a term of 25 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 10 years, and otherwise affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established that defendant intentionally caused damage to a building by setting a fire in the cuffing port in the door of his jail cell and damaging that part of the door (see People v Dixon, 19 AD3d 131 [1st Dept 2005], lv denied 5 NY3d 827 [2005]). It is undisputed that a door is part of a building for purposes of the arson statutes. Among other things, a cuffing port permits objects to be transferred in and out of a cell. The record establishes that rather than being a separate container, this device was a built-in, integral part of the door; removing it would leave the door with a large hole that would render the door unsuitable for use. The evidence, viewed in light of the permissible inference of intent to cause the natural and probable consequences of one's acts (see People v Getch, 50 NY2d 456, 465 [1980]), also supports the conclusion that defendant intended to damage the building.
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it is based on a matter outside the record regarding counsel's strategy in choosing not to request submission of fourth-degree arson (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of this ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Reasonable strategic concerns would support counsel's decision not to request submission of that lesser included offense.
The court providently exercised its discretion in precluding defendant from raising a psychiatric defense, because his CPL 250.10(2) notice was both grossly untimely and lacking any showing that the proffered psychiatric expert testimony would be relevant to a particular defense (see People v Silburn, 31 NY3d 144, 161 [2018]; People v Almonor, 93 NY2d 571 [1999]; People v Washington, 171 AD3d 458, 459 [1st Dept 2019], lv denied 34 NY3d 939 [2019]). We find no violation of defendant's right to call witnesses (compare e.g. Ronson v Commissioner of Corr. of State of N.Y., 604 F2d 176 [2d Cir 1979]). The notice was served years after the time to do so had expired, with no excuse offered [*2]except law office failure. Defendant had been represented by the same institutional provider during that period, and two article 730 examinations had been conducted, which would have alerted counsel to potential psychiatric issues. Further, the notice did not "contain enough information to enable the prosecution and the court to discern the general nature of the alleged psychiatric malady and its relationship to a particular, proffered defense" (Almonor, 93 NY2d at 581). Additionally, the results of defendant's 730 examinations, his behavior in the courtroom, and his history of dilatory tactics supported the court's conclusion that defendant was malingering and had no valid psychiatric defense. In the alternative, we find that any constitutional or nonconstitutional error in precluding defendant from raising a psychiatric defense had no reasonable possibility of contributing to the verdict.
We find the sentence excessive to the extent indicated, but decline to direct that it be served concurrently with a sentence imposed on another case. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2022