People v Ali (2023 NY Slip Op 02620)

People v Ali

2023 NY Slip Op 02620

Decided on May 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2023

Before: Kern, J.P., Friedman, Gesmer, Moulton, Rodriguez, JJ. 

Ind. No. 730/16 Appeal No. 241 Case No. 2019-4936 

[*1]The People of the State of New York, Respondent,
v
Rahim Ali, Defendant-Appellant.

Rosenberg Law Firm, Brooklyn (Jonathan Rosenberg of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Covais of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered February 9, 2018, as amended February 22, 2018, convicting defendant, after a jury trial, of attempted assault in the first degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a firearm, and menacing in the second degree (two counts), and sentencing him to an aggregate term of 15 years, unanimously affirmed.
We reject defendant's claim that the verdict convicting him of attempted assault in the first degree was based on legally insufficient evidence or against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant's intent to at least cause serious physical injury could be readily inferred from his actions in aiming and firing at the victim (see generally People v Getch, 50 NY2d 456, 465 [1980]),
Defendant's claim that the first-degree attempted assault count was duplicitous is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. There was no requirement that the indictment specifically identify the person defendant intended to shoot (see People v Wells, 7 NY3d 51, 57 [2006]). In any event, the identity of the intended target was clear, notwithstanding that defendant also menaced another person during the incident.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2023