People v Anonymous (2025 NY Slip Op 03143)

People v Anonymous

2025 NY Slip Op 03143

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Webber, J.P., Moulton, Friedman, Gesmer, Michael, JJ. 

Ind No. 1067/13 4160/16|Appeal No. 4426|Case No. 2019-3434 2018-3402|

[*1]The People of the State of New York, Respondent,
v
Anonymous, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julia Gorski of counsel), for respondent.

Judgment, Supreme Court, New York County (Bruce Allen, J., at plea; Michael R. Sonberg, J., at sentencing), rendered October 14, 2016, convicting defendant of criminal possession of a controlled substance in the first degree, and sentencing him to a term of eight years; and judgment, same court (Michael R. Sonberg, J.), rendered December 11, 2017, convicting defendant, after a bench trial, of assault in the first degree, and sentencing him to a term of 10 years, to run consecutively to the sentence imposed for his drug possession conviction, unanimously affirmed.
The verdict on the assault conviction was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). There is no basis for disturbing the factfinder's credibility determinations. The record, including surveillance footage capturing the incident, reveals that the victim and his companion, both unarmed, were retreating from defendant when he chased after them and swung the large, metal, serrated-edged spatula across the victim's face. There was no indication that the victim was ever armed with a weapon or that defendant believed that the victim was about to use deadly physical force against him, nor would such a belief have been reasonable (see People v Brown, 33 NY3d 316, 320 [2019]; People v Goetz, 68 NY2d 96, 115 [1986]). Since defendant was the "initial aggressor" in using or threatening the imminent use of deadly physical force (Penal Law 35.15[1][b]; People v Petty, 7 NY3d 277, 285 [2006]) and could have avoided the use of deadly physical force by retreating, with complete personal safety (Penal Law 35.15[2][a]), the evidence disproved his justification defense beyond a reasonable doubt. The evidence also supported the inference that defendant intended to cause serious physical injury when he struck the victim's face with the serrated spatula, which was a natural and likely consequence of that act (see People v Getch, 50 NY2d 456, 465 [1980]; People v Diaz, 202 AD3d 571, 572 [1st Dept 2022], lv denied 38 NY3d 1007 [2022]; People v Willock, 298 AD2d 161 [1st Dept 2002], lv denied 99 NY2d 566 [2002]).
Defendant's challenge to the validity of his jury waiver, duly executed in open court, requires preservation (see People v Johnson, 51 NY2d 986, 987 [1980]), and we decline to review his unpreserved claim in the interest of justice. As an alternative holding, we find that defendant's waiver of his right to a jury trial was knowing, intelligent, and voluntary (see generally People v Smith, 6 NY3d 827, 828 [2006], cert denied 548 US 905 [2006]). There is no requirement that a court advise a defendant waiving his right to a jury trial that, if he is not a citizen, a conviction could result in deportation. Unlike a defendant entering a guilty plea (see People v Peque, 22 NY3d 168 [2013], cert denied sub nom. Thomas v New York, 574 US 840 [2014]), a jury trial waiver [*2]does not automatically result in a criminal conviction, and deportation is no more or less likely depending upon whether a defendant is tried by a jury or by the court.
We find no basis to reduce defendant's sentence on his first-degree criminal possession of a controlled substance conviction, or to permit him to replead to the lesser offense of second-degree criminal possession of a controlled substance. Defendant pleaded guilty pursuant to a plea and cooperation agreement, which granted the prosecutor the sole discretion to determine whether defendant's cooperation merited a more lenient sentence, and the prosecutor's determination will be upheld unless it was arbitrary and capricious (see People v Thomas, 174 AD3d 422, 423 [1st Dept 2019], People v Anonymous, 278 AD2d 111, 112 [1st Dept 2000], lv denied 96 NY2d 797 [2001]). The agreement expressly prohibited defendant from committing any crime or undertaking any action that endangers the safety of others. Defendant's assault on the victim violated both those provisions. As a result, he is not entitled to the benefit of his bargain (see People v Buglione, 11 AD3d 297, 298 [1st Dept 2004]).
We perceive no basis for reducing the sentence on the assault conviction.
We have considered defendant's pro se claims and we reject them.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025